Barbour, J.
As the affidavit used on the application for an extension shows that the attorneys for the defendant had then determined to plead infancy, a plea which would have been not only short and simple, but, if true, a perfect defense, I am unable to perceive why they did not then *149 put in that answer, instead of applying for an extension of time. It would have required no more time to draw such an answer, than it probably did to make a draft of the order, and the affidavit on which it was founded. Indeed, the proposed answer, with its verification, is no longer than the affidavit and order, and required but little, if any, more skill. .
If the order extending the defendant’s time to answer had been regularly obtained, it may be that the earnest efforts of his attorneys to serve it before the entry of the judgment ought to be deemed equivalent to service. But the order was procured without any affidavit of merits, or any such affidavit of an attorney or counsel as is required by the 22d rule of court, and was, therefore, irregular; and the plaintiffs may well avail themselves of such irregularity on a question of substituted service, although they might not be permitted to disregard the order if served personally.
The question, raised by the defendant’s counsel, as to the alleged irregularity of the judgment because of the insertion therein of costs without notice of taxation, cannot be considered on this motion, inasmuch as no such irregularity is specified in the order to show cause. (See Rule 39, subd. 4.) The same remark also applies to the objection to the regularity of the judgment because of the omission to insert in the record the appointment of 'the guardian ad litem.
For can the claim of the defendant’s counsel, that the judgment is void by reason of the omission last referred to, be sustained. For, prior to the entry of such judgment, and before the time to answer had expired, a guardian ad litem had actually been appointed, and the attorney’s notice of appearance must be deemed to have been authorized by such guardian. The case is, therefore, unlike that of Kellog v. Klock, ( 2 Code R. 28,) where a judgment was *150 entered against an infant for whom no guardian ad litem had been appointed, and which was, for that reason, set aide as irregular.
• The motion, therefore, cannot he granted upon any of the objections to the judgment specified in the order to show cause; and the only question remaining for consideration, is, whether the court ought to, or, equitably, can, open the judgment aqd let the defendant in to make such an answer, as I am satisfied from the evidence before me must defeat the claim of the plaintiff.
It appears from the affidavits before me that the defendant, whose personal appearance indicates that he' has attained his majority, has, with the concurrence and assent of his father and natural guardian, kept an office bearing his sign, carried on a regular business in his own name, and held himself out to persons dealing with him as a man of full age who is responsible for his obligations, and com-' petent to transact business as such. ' It cannot be doubted that if the arrangement between him and the plaintiff had resulted in a loss to the latter and a profit to himself, he would gladly have pocketed his gains; and it seems equally clear that he is bound in honor and equity, if not" by the strict rules of law, to pay his losses in the business so carried on by him. Because he was yet a minor by a few months when the contract was made, he was entitled, within the time limited by statute, to interpose a plea of infancy, and thus defeat the plaintiffs’ claim; but he has deprived himself of that legal right by his laches. The effect of granting the motion in this case would, therefore, he, to allow defense for the defendant; which, though valid and conclusive under the strict rules of law, would, manifestly, be inequitable and unjust. I cannot aid him. The judgment must stand.
Motion denied, with $10 costs.