No. 746.—MARTIAL SORREL v. DENIS CARLIN, et al.

A party who brings suit against another for cutting and removing timber from his land must show—first, that he is the owner or proprietor of the land, and—secondly, that a certain specific number of trees have been taken from his premises, failing in which he can not be permitted to recover.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *Oliver & Dumartrait*, and *Deblanc & Perry*, for plaintiff and appellee. *Tucker & Davis*, and *R. N. McMillan*, for defendants and appellants.

TALIAFERRO, J. The defendants are charged by plaintiff with having felled upon his land four hundred and thirty-seven cypress trees, and removed them without his permission ; that defendants have by their gross violation of his rights, in cutting and removing this timber, caused him damages to the amount of five thousand dollars. He

Sorrel v. Carlin et al.

caused the timber to be sequestered, and prays to be decreed the owner of it, and for judgment *in solido* against the defendants for five thousand dollars, as damages for their illegal and wrongful acts. The answer is a general denial, and the defendants set up a reconventional demand of five thousand dollars as damages caused them by plaintiff's seizing and taking their property out of their possession, and for being deprived of the use of it, and having to incur expense in the employment of counsel to protect their rights, etc. Judgment was rendered in favor of the plaintiff, sustaining the sequestration, and decreeing the plaintiff owner of the timber in controversy, rejecting the reconventional demands of the parties for damages.

This case presents mainly questions of fact. We do not concur with the judge *a quo* in the view he seems to have taken of the evidence. We do not consider that the plaintiff has made out a case that warrants a judgment in his favor. Assuming that he has shown that some of the trees were taken from his land, the plaintiff sought to establish that the defendants owned no lands in the vicinity from whence the timber was obtained, and thereby to establish that they were trespassers against somebody, and that against them, the maxim *contra spoliatorem omnia præsumuntur* might be invoked. The evidence was properly rejected. If the defendants owned no lands from which the trees were taken and they were obtained from lands belonging to persons other than the plaintiff, he would have no right to reclaim them. It was for him to make it clear beyond a reasonable doubt that all the trees, or some specific number of them, were illegally taken from his premises, failing in which the judgment should have been rendered in favor of defendants.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that judgment be, and the same is hereby rendered in favor of the defendants, the plaintiff and appellee paying costs in both courts.