No. 11,006.

MRS. SARAH NICOL VS. THE ILLINOIS CENTRAL RAILROAD COMPANY.

As against the lawful owner, the possessor of immovable property must be protected against the unlawful disturbance of his possession.

Public order and the highest interest of society demand that no violence shall be done to one in peaceable possession of property.

In action for damages for trespass and destruction of property, the title to the property may be offered in evidence in aid of the proof of peaceable possession.

A PPEAL from the Eighteenth District Court, Parish of Tangipahoa. *Thompson, J.*

*Reid & Reid* and *S. D. Ellis* for Plaintiff and Appellee:

The highest standard of damages will be adopted to punish the wrong-doer, when the proof shows a wanton and malicious trespass. 1 R. 140; 13 An. 102; 13 An. 116; 29 An. 214; 30 An. 926; 34 An. 1158.

The actual damages proved by plaintiff is correctly found by the District Judge, and amounts to about $800. But his award of only $200 punitory damages is wholly inadequate, and should be increased, under plaintiff's prayer to amend the judgment. A general judgment for $5000, as prayed, without separation into actual and punitory damages, will be a just award, and will align this case with all the other decisions of this court on the subject of wilful trespass.

Five thousand dollars damages against a rich corporation will not be excessive, when this measure has been adopted in suits against individuals, under like circumstances.

*W. B. Kemp* and *Girault Farrar* for Defendant and Appellant:

1. That this is a petitory action is clear from the following *indicia:*
   (a) Plaintiff claims ownership simply.
   (b) She offered in evidence titles to support her ownership.
   (c) She sued a lessee in possession of the *res.*
   (d) The judgment decreed that the plaintiff " recover the property in contest." C. P., Arts. 5, 54, 43, 44; Irwin vs. Bledsoe, 33 An. 619.
2. Being a petitory action plaintiff must show title against the world. C. P., Art. 44; Murray vs. Bossier, 10 M. 292; Hempkin vs. Britain, 12 Rob. 46; Meeker vs. Williamson, 4 M. 625.
3. The *locus in quo* is too indefinite for identity, and all evidence should have been excluded. The demands of the petition could only be carried out by hearing parol testimony. C. C., Arts. 2440, 2276; McKenzie vs. Bacon, 40 An. 157.
4. The very evidence, so far from proving ownership, tends to prove only a personal servitude in Benjamin Weil, a perfect usufruct. Civil Code, Arts. 533, 534, 646, 606.
5. The right of way grant by Benj. Weil to the N. O., J. & G. N. R. R. Co., in 1854, contains no reservation of any " perpetual right " to any lot or parcel of ground or of any servitude thereon. This grant carried with it by necessary implication everything upon the land contained in the right of way grant. Rorer on Railroads, Vol. 1, pp. 422, 423, and authorities.
6. There being no evidence of ownership in plaintiff of the *locus in quo,* and there being no other real right set up, the judgment must be reversed.

The opinion of the court was delivered by

McENERY, J. The plaintiff alleges that she is the owner of a certain lot of ground on which a building has stood for more than thirty years, situated in Arcola, Tangipahoa parish, fronting on the

52

Illinois Central Railroad, formerly the New Orleans, Jackson & Great Northern Railroad, and occupied by Alfred Rhody June 26, 1878, and that she had been in peaceable possession of said property for more than thirty years prior to October, 1890; that in said month of October, said house was burned to the ground, and that in the month of November of said year 1890 she was proceeding to rebuild said house, and for this purpose had employed a carpenter, had purchased lumber, bricks and other materials, and placed the same on said lot of ground; that the foundation of said building was laid when the defendant corporation, domiciled in the city of New Orleans, through its agents and employees, acting under instructions from its officers, forcibly and unlawfully entered on said lot of ground, ejected the workmen of petitioner, removed and destroyed the brick and other building material placed thereon to be used in the construction of said store house.

She avers that she was receiving $25 per month rent for said house, and when rebuilt could have leased it for a larger sum.

She prays for damages for the loss and destruction of the material, for vexation, annoyance, and the wanton trespass by said defendant corporation, aggregating $5000.

The defendant corporation in its answer claims title to said property as being within the limits of the right of way granted to it.

It insists that the action is a petitory one, and that the plaintiff has shown no title to the property as against the world.

The recitals of ownership by the plaintiff are only incidental to the possession which she alleges, and which she claims had been disturbed by the defendant corporation. Her titles to the property were received in evidence over the objections of the defendant. The titles to the property were proper evidence to show possession and in aid of her allegations that she had been in possession for more than thirty years. The objections went only to the effect of the evidence. Whether the defendant owned the property or not, it was not justified in disturbing the possession of the plaintiff, and forcibly and unlawfully destroying the material which she had placed on the lot, even destroying that portion of the building in course of erection.

There was judgment for the plaintiff for the sum of $250 attorney's fees, $80 for damage to material, $200 as punitory damages, and $25 per month from November, 1890, until the final termination of the suit.

The defendant has appealed.

There is no real conflict in the testimony. The plaintiff was a possessor of the property, and the allegations in her petition as to the unlawful acts of the defendant corporation are fully sustained by the evidence.

The courts were open to defendant to assert and prove title to this property. It ignored their existence, and took the law in its own hands.

The law jealously protects the possession to property against invasion and violence. It punishes with severity the trespasser, although he may believe he has some right which he can enforce by violence. Public order and the highest interest of society require that no violence shall be done to one in peaceable possession of property. As against the lawful owner, the possession of immovable property must be protected against the unlawful disturbance of his possession.

The acts of the defendant were without the slightest palliation or excuse.

While we may differ from the trial judge in his apportionment of damages, we are of the opinion that the amount allowed is not excessive for actual loss and the annoyance and vexation to the plaintiff by the unlawful conduct of defendant.

Judgment affirmed.