LAND, J.
Plaintiff sued to be maintained in possession of 80 acres of land and to recover damages for the value of timber alleged to have been cut thereon by the defendants. Plaintiff prayed for and obtained a writ of injunction to prevent further trespass and disturbance of his alleged possession. The action as brought was purely possessory, the plaintiff merely alleging possession as-owner for a number of years.
Defendants, for answer, pleaded a general denial, and further alleged possession in themselves as owners under a chain of title which they set forth. The answer further assailed the homestead entry under which plaintiff claimed possession as a nullity.
Defendants prayed that plaintiff’s suit be dismissed, and his demand rejected, with damages occasioned by the Injunction, and that defendants be decreed to be entitled to retain possession of the property, and be quieted therein, and that they also be decreed to be the true and lawful owners of the tract of land in dispute.
On the trial, the deeds offered by defendants were objected to, and, by the ruling of the court, were admitted, but “restricted to the question and extent of possession only.”
The cause was tried by a jury, which rendered a verdict for plaintiff perpetuating *632 the injunction and for $250 damages for trees cut and removed from the premises. Defendants appealed, and the judgment was affirmed by the Court of Appeal. The cause comes before us on a writ of review.
The evidence shows beyond dispute that the 80 acres of land in question constitute a portion of a tract of 160 acres, which defendants made application to enter as a homestead in the year 1889. This application was at first rejected, but was subsequently reinstated and allowed on December 7, 1889, by the register and receiver, who certified that the applicant had lived continuously on the land since 1876.
The New Orleans Pacific Railway Company appealed from this decision. In February, 1893, the Secretary of the Interior awarded the land to the claimant, and called upon the railway company, to which a patent had been issued, to reconvey the land to the United States in order to allow the claimant to perfect his entry. In 1901 the United States filed a bill in equity in the circuit •court for the Western district of Louisiana against the said railway company and other parties to compel a reconveyance of all lands occupied by actual settlers at the date •of the definite location of the said railroad. Defendant claims title from the defendants in said suit by deed alleged to have been ■recorded in June, 1903. It does not appear that said suit has ever been finally disposed of.
The evidence shows continuous actual possession in plaintiff of a portion of said tract ■of 160 acres for more than a quarter of a •century, and no possession or acts of possession in defendant prior to the disturbance complained of a few weeks before the filing •of plaintiff’s suit.
The question of law' arising in this state of facts are two, to wit: First, whether plaintiff’s possession was such as to entitle him to bring a possessory action; and, secondly, if so, is plaintiff entitled to recover damages for the alleged trespass?
Plaintiff’s possession was for himself, and therefore was not precarious, and was under a claim of ownership based on an approved application to enter the land under the homestead laws of the United States. This application had been granted by the Secretary of the Interior, and its allowance vested in the claimant a present right of exclusive’ possession and use, coupled with the right to receive a perfect legal title on complying with certain conditions prescribed by law. Article 47 of the Code of Practice reads as follows:
“The possessors entitled to bring these actions are those who possess as owners. Persons entitled to the usufruct, or to the use of a real estate, and others having real right growing from such real estate, may also bring their action, when disturbed in the enjoyment of their rights.”
The homesteader,' whose right of entry and possession has been recognized by the government is within the purview of these Articles. In Shiver v. United States, 159 U. S. 498, 499, 16 Sup. Ct. 54, 40 L. Ed. 231, it was held that the position of a homesteader is analogous to that of a tenant for life, the government holding the title, with the rights of a remainderman. A tenant for life may, at common law, “maintain an action against any person who disturbs his possession or trespasses upon the premises.” See 2 Bouvier’s Law Dictionary (Rawle’s Revision) p. 119. Such a tenant may be assimilated to the usufructuary. While the rights of the homesteader as to occupation and beneficial •uses are analogous to those of a tenant for life, or usufructuary, it must be noted that the homesteader by settlement and entry acquires an inchoate title, which, when perfected, relates back to the date of entry. The homesteader’s possession is therefore that of a quasi owner, and his right to defend and maintain that possession against intrusion has never been disputed.
*634 The contention of defendant is that plaintiff never had possession of the particular land from which the timber was cut. The whole tract of 160 acres was covered by the entry, which defined its boundaries by reference to the section line of subdivision. Possession of a part of the land, with the intention of possessing all that was included within the boundaries, was possession of the whole tract. Civ. Code, art. 3437; Gillard v. Glenn, 1 Rob. 159; Sallier v. Bartley, 113 La. 400, 37 South. 6. It is argued, however, that this doctrine applies only where the possessor has a legal title to the whole tract.
In suits of this kind titles are referred to only for the purpose of showing the nature and extent of possession, and we have already concluded that the title under which plaintiff holds is sufficient to enable him to maintain a possessory action. Whether such title is a legal title as against the United States, or as against the defendant, is another question, not necessary to determine in this suit.
We have considered the authorities cited by relator, but do not find them applicable to the facts of this case. In Gibson v. Hutchins, 12 La. Ann. 545, 68 Am. Dec. 772, the action was petitory, and the court held that the defendant, a mere settler, with the hope of pre-emption, did not hold under-a title translative of property, and therefore was not a possessor in good faith. In Courtney v. Perkins, 5 La. Ann. 217, the action was possessory, but the court found that the defendant was in possession under a recorded pre-emption claim; and that plaintiff showed merely a certificate that his proofs for his pre-emption rights had been duly filed and recorded, without adducing any evidence of a compliance on his part with the act of Congress. In McCall v. White, 10 La. Ann. 579, the court held that the United States had no actual possession of public lands, and therefore transferred none to a purchaser. In Fowler v. Duval, 11 La. Ann. 563, the plaintiff was in possession under a Spanish grant, and won of the strength of such possession.
We conclude this branch of the case with the remark that if a homesteader cannot protect his right of possession to the whole tract entered by him, he would be at the mercy of every trespasser, and the beneficial purpose of the national homestead law would be defeated.
The question of the right of the plaintiff to recover damages presents no difficulty. Relator argues that the solution of this question depends on that of ownership which cannot be determined in this action.
The answer is that in actions of trespass there can be no examination of title, and that actual possession, if legal and peaceable, is sufficient to maintain the action. 2 Hennen’s Digest, p. 1057, No. 4. In Nicol v. Railroad Co., 44 La. Ann. 816, 11 South. 34; this court held that even “as against the lawful owner, the possession of immovable property must be protected against the unlawful disturbance of his possession,” and affirmed a judgment against the defendant therein for damages. ' .
We see no error in the judgment of the Court of Appeal, and it is therefore ordered that it remain undisturbed; relators to pay the costs of this proceeding.