LAND, J.
This is a possessory action, coupled with a demand for damages for the *251 alleged illegal cutting and removal of timber from the premises. The petition alleged that plaintiff had the real and actual possession of the land as owner for more than one year prior to the said disturbance of his possession by the defendant.
Defendant excepted that the petition contained inconsistent demands, and moved the court to order that the plaintiff elect whether he will proceed with his possessory action or his action for trespass. The exception was sustained, and, on the plaintiff declining to elect, there was judgment dismissing plaintiff’s suit as in case of nonsuit. Plaintiff has appealed.
The judgment below rests on the proposition that plaintiff, in order to recover the value of the timber cut and removed, must establish his ownership of the timber, and cannot do so without first establishing his ownership of the land. The deduction drawn from the premises is that the action for the value of the timber, being petitory, cannot be cumulated with the possessory action.
In a similar case this court said:
“The question of the right of the plaintiff to recover damages presents no difficulty. Relator argues that the solution of this question depends on that of ownership, which cannot be determined in this action.
“The answer is that in actions of trespass there can be no examination of title, and that actual 'possession, if legal and peaceable, is sufficient to maintain the action. 2 Hennsn’s Digest, p. 1057, No. 4. In Nicol v. Railroad Co., 44 La. Ann. 816, 11 South. 34, this court held that, even as against the lawful owner, the possessor of immovable property must be protected against the unlawful disturbance of his possession, and affirmed a judgment against the defendant therein for damages.”
See Mott v. Hopper et al., 116 La. 629, 40 South. 921.
It is therefore ordered that the judgment below be reversed, and it is now ordered that the exception and motion filed by defendant be overruled, and that this cause be remanded for further proceedings according to law, and that the defendant pay the costs of appeal.