(58 South. 153.)

No. 18,867.

SMITH et al. v. GRANT TIMBER & MFG. CO.

(March 11, 1912.   Rehearing Denied April 8, 1912.)

*(Syllabus by Editorial Staff.)*

1. PUBLIC LANDS (§ 106*)—LAND GRANT— CONCLUSIVENESS—MATTERS NOT IN ISSUE— TITLE OR POSSESSION OF PROPERTY.

A United States land grant of timber land, which was opposed on the ground that the land had already ·been settled upon, is not res judicata in a subsequent possessory action by the· parties who had opposed the grant against a timber company deriving title from the grantee in which the title cannot be considered but only the question of possession vel non.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 301, 302; Dec. Dig. §· 106.*]

2. TRESPASS (§ 20*)—POSSESSORY ACTION—· POSSESSION TO SUPPORT ACTION.

Even if the issuance of a United States government grant had the effect to oust the possession of parties claiming under a prior settlement, it could not operate to prevent such parties from acquiring a new right of possession such as would support a possessory action, since under Code Prac. arts. 46–49, possession as owner continuing for a year or· more, whether in good faith or not, is all that is requisite to support such action.

[Ed. Note.—For other cases, see Trespass,. Cent. Dig. §§ 32–47; Dec. Dig. § 20.*]

3. TRESPASS (§ 20*)—POSSESSION TO SUPPORT.

Under Civ. Code, arts. 3450, 3454, 3455, and Code Prac. arts: 46, 53, 55, one who has had quiet possession of timber land as. owner for a year or more, whether in good faith or not, is vested with a right of possession, which may serve as a basis for a possessory action to recover the value of timber removed, and in such action the question of title cannot be gone into at all; the defendant for the purpose of the suit having no title.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 32–47; Dec. Dig. § 20.*]

4. TRESPASS (§ 14*) — TAKING PERSONAL. PROPERTY—ACTION FOR DAMAGES.

A possessory action for the recovery of timber cut from land survives in the form of an action for the value of the timber after it has ceased to exist and restoration in natura has become impossible.

[Ed. Note.—For other cases, see Trespass, Dec. Dig. § 14.*]

5. TRESPASS (§ 27*) — TAKING PERSONAL. PROPERTY—POSSESSORY ACTION—DEFENSES.

Where a timber company deriving title from a patentee of the United States government, instead of having recourse to the courts to obtain possession of its property, as against one in quiet possession, took possession of it in violation of law and cut and removed timber therefrom, it is estopped from resisting its liability to restore, as far as possible, the status it wrongfully disturbed.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 59–63; Dec. Dig. § 27.*]

Appeal from Fifth Judicial District Court,. Parish of Winn; George Wear, Judge. ,

Action by Mrs. Julia A. Smith and others·

against the Grant Timber & Manufacturing Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Henry Moore, H. H. White, and White, Thornton & Holloman, for appellant. Mathews & Gamble, for appellees. J. D. Wilkinson, amicus curiæ.

PROVOSTY, J. Plaintiffs allege that they are in possession as owners of the W. ½ of N. E. ¼, and E. ½ of N. W. ¼ of section 31, township 10 N., range 1 W., parish of Winn, and have been for more than 30 years, and that the defendant company has disturbed their possession by entering upon said land and cutting and removing timber therefrom, and that thereby they have been damaged in the sum of $2,250 "in being deprived of the possession of the timber cut down and removed from said land, and to which your petitioners are entitled to be restored to the possession of said timber, or of its value in money if it be impossible to restore the actual timber into the possession of your petitioner." The prayer is for judgment "maintaining and quieting your petitioners in the possession of said land, and restoring your petitioners to the possession of the part of which they have been evicted, viz., the timber growing, standing, and being ·on said land, which has been removed by said defendant company, by condemning ·said defendant company to pay your petition-·ers the sum of $2,250, the value of the timber, as it is impossible for the said defendant company to be condemned to restore said timber as a part of the land as it originally ·stood before the said disturbance took place."

[1] The defendant company filed a plea of res judicata based on the fact that the land in dispute is included in the United ·States government land grant to the N. O. & P. R. R. Company, the author in title of the ·defendant company, and that in 1901 plain-·tiff opposed before the Land Department the issuance of a patent to the railroad for the said land on the ground that the land had already been settled upon and therefore was not included in said land grant, and that the Land Department overruled the opposition and directed the patent to issue.

What might be the effect of said decision of the Land Department upon this case if the title were at issue is a matter not now up for consideration, since the suit is distinctly a possessory action in which the title cannot be considered, but only the question of possession vel non.

[2] The defendant objected on the trial to any and all evidence to prove possession by the plaintiffs, on the ground that such possession could not exist in face of the said adverse decision of the Land Department.

The objection was properly overruled. Even if said decision had had the effect of ousting the possession theretofore enjoyed by plaintiffs, it certainly could not operate to prevent the plaintiffs from acquiring a new right of possession such as would support the possessory action. Possession need not be in good faith for giving birth to the right of possession. All that is requisite is that it be quiet and undisturbed and as owner, and continue for a year or more. Articles 46, 47, 48, and 49, C. P.

The defendant company concedes that the evidence, if admissible at all, does show that the plaintiffs have had quiet and undisturbed possession for more than the requisite one year, and under claim of ownership.

[3] Finally, the defendant company contends that the mere right of possession will not support an action for the recovery of the value of the timber removed; that the only proper basis for such an action would be the ownership of the timber; that such right of possession might suffice as against a mere trespasser, but not as against the true owner.

To that effect is the common law. Jaggard on Torts, pp. 661, 668, 694, 706, 709, and 711.

But not our Civil Code and Code of Practice. These provide as follows:

"Art. 3450, C. C. Although possession results frequently from a fact, and not from right, it nevertheless confers on the possessor certain rights with regard to the thing possessed, some of which are peculiar to the possessor in good faith, and the others are common to all possessors."

"Art. 3454, C. C. Rights which are common to all possessors in good or bad faith are:

"(1) That they are considered provisionally as owners of the thing which they possess, so long as it is not reclaimed by the true owner or person entitled to reclaim it, and, even after such reclamation, until the right of the parties making it is established.

"(2) That every person who has possessed an estate for a year or enjoys peaceably and without interruption of a real right, and is disturbed in it, has an action against the disturber, either to be maintained in his possession, or to be restored to it, in case of eviction, whether by force or otherwise.

"(3) That such a possessor may, by prescription, acquire the property of the thing which he thus possesses, after a certain time, which is established by law according as he has possessed in good or bad faith."

"Art. 3455, C. C. The action which a possessor for one year has against a person disturbing his possession, to be maintained in it or restored to it, as is said in the preceding article, shall be decided before pronouncing on the question of ownership, and the real owner shall not be allowed to repel it by endeavoring to prove his right."

"Art. 46, C. P. The possessory action, which is a branch of real actions, may be brought by any possessor of a real estate, or of a real right, who is disturbed either in the possession of the estate or in the enjoyment of the right, against him who causes the disturbance, in order to be maintained in, or restore to the possession, whether he has been evicted or disturbed; provided his possession be accompanied by the qualifications hereinafter required."

"Art. 53, C. P. The plaintiff in a possessory action needs only, in order to make out his case, to prove that he was in possession of the property in question, in the manner required by this Code, and that he has either disturbed or evicted within the year previous to his suit.

"So that when the possession of the plaintiff, or the act of disturbing him is denied, no testimony shall be admitted, except as to the fact of the possession, or as to the act of disturbance, and all testimony relative to the property shall be rejected."

"Art. 55, C. P. Petitory and possessory actions shall not be cumulated or joined together, except by consent of parties.

"Therefore, he who is sued in a possessory action cannot bring a petitory action, until after judgment shall have been rendered in the possessory action, and until, if he has been condemned, he shall have satisfied the judgment given against him."

It results from the foregoing that quiet undisturbed possession of real estate as owner for a year or more, whether in good or bad faith, invests the possessor with a right of possession which can serve as a basis for an action to be maintained in possession, or, if evicted, to be restored to possession; and that in such an action the question of title cannot be gone into at all. Now, if the question of title cannot be gone into, the legal situation is that for all the purposes of the suit the defendant company has no title— de non apparentibus et de non existentibus eadem est ratio. In other words, that the defendant company is not owner, and the plaintiff is not demanding anything of the owner, but simply to be restored to possession.

[4] Now, whether after the property has ceased to exist and restoration in natura become impossible, the right of action still survives in the form of an action for the value of the property, is a question not specifically covered by the above-transcribed codal provisions, but which this court has twice had occasion to consider, and to decide affirmatively. Mott v. Hopper, 116 La. 629, 40 South. 921; Collins v. Clark, 128 La. 250, 54 South. 788. The learned counsel for the defendant company vigorously assail the correctness of these decisions; but by any other conclusion the possessor who had illegally and wrongfully been deprived of his right would be left without a remedy, and the wrongdoer would profit by his own wrong; and, besides, there is no good reason why the value of the thing should not be made to stand for the thing itself in such a case as is done in all other cases.

[5] The suggestion of learned counsel that the effect of compelling the defendant company to pay this money to the plaintiff would be to deprive defendant company of

its property without due process of law, because the plaintiffs would not voluntarily restore it and could not be compelled to do so, they being execution proof, is, in our opinion, without force. In the first place, this court does not know, and cannot assume, that the plaintiffs would not voluntarily restore this money or could not be compelled to do so; and, in the second place, if the defendant company, instead of having recourse to the courts to obtain possession of its property, has chosen to take possession of it in violation of law, vi et armis as it were, it cannot blame the law and the courts for restoring as far as possible the status thus wrongfully disturbed. It has but itself to blame if, as a consequence of its own wrong, its property becomes jeopardized.

The judgment appealed from condemned the defendant company to pay to plaintiff the value of the timber taken within the 12 months preceding the filing of the suit.

Judgment affirmed.