(60 South. 374.)

No. 19,232.

GRANT TIMBER & MFG. CO. v. GRAY.

(Dec. 2, 1912. Rehearing Denied Jan. 6, 1913.)

*(Syllabus by the Court.)*

1. EJECTMENT (§ 3*)—POSSESSORY ACTIONS—SCOPE OF ISSUES—TITLE.

Under Civil Code, arts. 3450, 3454, 3455, and Code of Practice, arts. 4, 6, 53, 55, one who has had quiet possession of timber land as owner for a year or more, whether in good faith or not, is vested with a right of possession, which may serve as a basis for a possessory action and to recover timber removed, and in such action the question of title cannot be brought in; the defendant, for the purposes of the suit, having no title.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 4; Dec. Dig. § 3;* Action, Cent. Dig. § 263.]

2. TRESPASS (§ 14*) — POSSESSORY ACTION —SCOPE OF RELIEF—VALUE OF TIMBER REMOVED.

A possessory action for recovery of timber cut from land occupied by the owner survives in the form of an action for the value of the timber after it has ceased to exist and restoration in natura has become impossible. Smith v. Grant Timber & Mfg. Co., 130 La. 471, 58 South. 153; Collins v. Clark, 128 La. 250, 54 South. 788; Mott v. Hopper, 116 La. 629, 40 South. 291.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 15; Dec. Dig. § 14.*]

3. CONSTITUTIONAL LAW (§ 278*)—DUE PROCESS OF LAW—TRESPASS.

Where one invades the land of another and takes violent possession thereof, he takes possession of property of another without due process of law.

[Ed. Note.—For other cases, see Constitutional Law. Cent. Dig. §§ 763, 765, 767–770, 772–777, 779–806, 808–810, 816–824, 907–924, 942; Dec. Dig. § 278.*]

4. CONSTITUTIONAL LAW (§ 278*)—DUE PROCESS OF LAW—RECOVERY OF POSSESSION OF REALTY.

Where one is in full possession of immovable property as owner for more than a year, and that possession has been invaded by another, and the possessor successfully invokes the power of the courts to restore him to peaceable possession of his own property, he will not be taking the property of the trespasser, and the provision of law which requires the trespasser to make restoration before he (the trespasser) can be heard to set up title to the real estate is constitutional, and is not the

131 LA.—28

taking of any thing, property, or right from the trespasser without due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 763, 767–770, 772–777, 779–806, 808–810, 816–824, 907–924, 942; Dec. Dig. § 278.*]

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

Action by the Grant Timber & Manufacturing Company against George W. Gray. From a judgment for plaintiff, defendant appeals. Reversed, and suit dismissed.

See, also, 129 La. 757, 56 South. 663.

John H. Mathews, of Winnfield, and Harry P. Gamble, of New Orleans, for appellant. Henry Moore, of Texarkana, Ark., and H. H. White, of Alexandria, for appellee.

SOMMERVILLE, J. This is a petitory action brought in contravention of the fifty-fifth article of the Code of Practice, which provides:

"He who is sued in a possessory action cannot bring a petitory action until after judgment shall have been rendered in the possessory action, and until, if he has been condemned, he shall have satisfied the judgment given against him."

Defendant appears and shows that he had brought a possessory action against the plaintiff for possession of the land described in plaintiff's petition; that said action is still pending in the same district court with this suit; and he asks for the dismissal of plaintiff's suit with costs.

The motion to dismiss was sustained to the extent of staying proceedings in this suit until the termination of the possessory suit entitled G. W. Gray v. Grant Timber & Mfg. Co. But a default was entered, and judgment rendered decreeing that plaintiff be confirmed in the ownership and title of the land involved on the same day that judgment was rendered in the suit for possession. Defendant has appealed.

The possessory action is defined to be (C. P. art. 4) a real action relating to claims made on immovable property (article 6); an ac-

tion by which one claims to be maintained in the possession of an immovable property, or of a right upon or growing out of it, when he has been disturbed, or to be reinstated to that possession when he has been divested or evicted. The evidence filed by defendant on the trial of the motion to dismiss shows that the prior suit filed by him against the Grant Timber & Manufacturing Company was a possessory action, and had for its object to be maintained in the possession of the immovable property in controversy, and to be reinstated in the possession of the growing trees, or their value, which the Grant Timber & Manufacturing Company had violently taken from his land while trespassing thereupon.

[1, 2] Plaintiff argues that the action of George W. Gray against it was not a possessory action in that, in addition to asking that he be quieted in the possession of the land, he further prayed for judgment for the value of the timber alleged to have been illegally taken from the land by the Grant Timber & Mfg. Co.; that, before Gray could obtain judgment for the value of the timber, he would have to prove title thereto; and that, as the question of Gray's title could not be determined in a possessory action, the suit was not exclusively possessory.

In the case of Smith et al. v. Grant Timber & Mfg. Co., plaintiff here, we held to the contrary (130 La. 471, 58 South. 153), and in the case of Mott v. Hopper, 116 La. 629, 40 South. 921, which was a possessory action, we say:

"The question of the right of the plaintiff to recover damages presents no difficulty. Relator argues that the solution of this question depends on the matter of ownership which cannot be determined in this action.

"The answer is that in action of trespass there can be no examination of title, and that actual possession, if legal and peaceable, is sufficient to maintain the action. 2 Hennen's Digest, 1057, No. 4. In Nicol v. Railroad Co., 44 La. Ann. 816, 11 South. 34, this court held that, even 'as against the lawful owner, the possession of immovable property must be protected against the unlawful disturbance of his possession,' and affirmed a judgment against the defendant therein for damages."

That case is followed by the decision in Collins v. Dalton Clark Stave Co., 128 La. 250, 54 South. 788. These decisions are decisive of the point raised.

[3, 4] Plaintiff further alleges that the fifty-fifth article of the Code of Practice, in providing that "he who is sued in a possessory action cannot bring a petitory action until after judgment shall have been rendered in the possessory action, and until, if he has been condemned he shall have satisfied the judgment given against him," is the taking of its property without due process of law and in violation of the national and state constitutions.

The possessors of real estate who are entitled to bring possessory actions against those who disturb them in their possession, or in the enjoyment of the rights which they have in real property, are those who possess as owners. Articles 46, 47, C. P. It is immaterial how ownership may have been acquired, provided it is in one of the methods recognized by law. If the owner's possession of the property has been disturbed, he may bring the possessory action against the trespasser and be reinstated in possession without proving title to the property. This right is permitted to the owner in possession in furtherance of the orderly administration of affairs among men, and the law directs that the disturber or trespasser must repair the results of his illegal act before he will be permitted to come into court and assert his right of ownership to the immovable trespassed upon by him. It may be that an owner of property has no recorded title. He may have acquired title by prescription resulting from possession. C. C. art. 3457. That is one method of acquiring ownership of property with due process of law. C. C. 3458, 3454, 3450. The possession which the owner has shall not be taken from him

without due process of law. When this plaintiff forcibly entered upon the land of this defendant and disturbed him in the full possession and enjoyment of that property without warrant or authority of any kind, and in the violation of defendant's rights, the owner and possessor of the land had the legal right to come into court and compel this disturber of his possession to restore that which he had taken without due process of law. These laws which protect the owner in possession from disturbance by third persons claiming title to the same thing, and which require the claimant, who has trespassed upon the property of the possessor, to restore the thing which the claimant has taken violent possession of, is a process or system of law which is equitable and legal and will be enforced by the courts of the state. And when the law goes a step farther and says to the claimant of title that he cannot be heard to assert and prove his title to the property until he has restored the status quo, it is only another step in executing the judgment which may have been rendered in favor of the owner and possessor, and the doing of equal justice to both parties.

Plaintiff, who is claiming title, had the right to file a suit against the possessor and have the courts determine between them who was the real owner of the property. But it preferred to resort to force and violence in asserting its alleged right rather than to proceed in a lawful manner. Its action forced the possessor of the land to come into court to have his rights recognized and to have them restored to him. Plaintiff cannot plead ignorance of the law. In his petition in this case he alleges knowledge of the law in the following paragraphs:

"Plaintiff further avers that said Gray in suit No. 2485 of the docket of this honorable court, entitled George W. Gray v. Grant Timber & Manufacturing Co., has sued plaintiff in an action of trespass for timber cut and removed by defendant from said land, and will doubtless try to prevent an adjudication upon the question of title to same in that suit on the ground that said suit No. 2485 is possessory in its nature.

"Plaintiff shows that the question of title is paramount and should be first decided, and that the question of ownership of the timber and recovery for its value should be first decided, and that proceedings in said suit No. 2485 should be stayed until said questions have been decided in this suit, and that the plaintiff in this suit, who is defendant in said suit No. 2485, is filing a motion praying for stay of proceedings in that suit until this suit has been fully decided."

This misstatement of the law on plaintiff's part shows conclusively that it knew the law to be that the question of title is not paramount, and that it should not be first decided, where the owner and possessor of land has filed a possessory action. The same spirit of defiance to law is here shown as was manifested when it invaded defendant's property and took the growing trees therefrom. This stand, deliberately taken in defiance of law, cannot prevail, and plaintiff must restore to him whom it has disturbed that which it has illegally dispossessed defendant of before it can come into court and ask to be heard on the question of title contradictorily with defendant.

The judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that this suit is dismissed at plaintiff's costs, reserving to plaintiff the right to sue defendant to have the question of title determined between them as to the ownership of the land in question after judgment shall have been rendered in the possessory action, and, if it has been condemned, it shall have satisfied the judgment given against it.