SOMMERYILLE, J.
When this case was before the court on appeal, the claim of the plaintiff for damages was found to be inflated and below the lower jurisdiction of the court. It was transferred to the Court of Appeal for the parish of Orleans, 144 La. 411, 80 South. 608.
*677 The case is now before us on application of the defendant for writs of certiorari or review, asking that the judgment of the Court of Appeal he reversed and set aside.
Defendant alleges, among other things, that the Court of Appeal erred in holding, in a suit for damages to real property and for trespass, that “we are not trying the title to property in this cause.”
Plaintiff alleged that he was the owner of lot 3 in Lacombe, La., giving a full description of his land, and that defendant had trespassed upon the property and cut four gum trees therefrom. He asked for judgment in the sum of $2,600. There was judgment in the district court for $2, the value of the four gum trees cut by defendant. On appeal, the Court of Appeal increased the judgment by awarding plaintiff $50 damages for trespass in addition to $2 for the trees.
[1] Plaintiff alleged and proved that he was the owner of lot 3 in the vicinií^ where the trees were cut; and defendant answered, denying ownership by plaintiff of the land and the trees in question. It offered evidence and proved that the trees were located on lot No. 2, which lot was owned by a third person. This was competent evidence on behalf of the defendant to show that plaintiff was not in possession as owner, or as a representative of the owner, of the land and trees; and, as it was sufficient to prove the defense set up by defendant there should have been judgment in its favor, rejecting plaintiff’s demand.
As was said in the case of Louisiana Fisheries Co. v. Gasquet et al., 45 La. Ann. 759, 13 South. 171, where defendants set up the defense that the land in question belonged to the state, and not to plaintiff, “they [the defendants] were assuredly entitled to show this as a defense. In trespass quare clausum fregit, it is always competent for the defense to show that the plaintiff was not the possessor of the locus in quo.” See, also, Ten-sas Delta Land Co. v. Fleischer, 132 La. 1021, 62 South. 129, to the same effect.
[2] Plaintiff testified that the land and trees in question were parts of lot 3; that he owned them; that he had inclosed them with a fence. And there were several witnesses who appeared for plaintiff and testified, orally, that plaintiff was the owner of the particular land from which the trees had been cut; but the parish surveyor and others, witnesses for the defendant, testified that they had surveyed the land, and that the trees which had been cut were located on lot No. 2, which belonged to a third person, and not to plaintiff. The preponderance of the evidence showed that plaintiff was not the owner of the land. It therefore, follows that, as plaintiff was not the owner of the land and trees, there was not a trespass upon his property, and his trees were not severed from his land by the defendant. There should have been judgment dismissing plaintiff’s suit.
It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal in this case be annulled, avoided, and reversed; and that there now be judgment in favor of defendant rejecting plaintiff’s demand, at his cost in all courts.
See dissenting opinion of O’NIELL, J., 83 South. 894.