O’NIELL, J.
■ This is a possessory action, together with an action for damages, that is, for the value of standing timber that was cut and taken by defendant from land of which plaintiff was in possession as owner. Judgment was rendered in favor of plaintiff, maintaining his right of possession, enjoining defendant not to interfere therewith, and condemning defendant to pay plaintiff $1,-609.35, the value of the timber taken from the land. On appeal to the Court of Appeal, the judgment was affirmed. The case is before us on writs of certiorari and review, issued at the instance of defendant.
The facts are stated in the opinion of the district court and of the Court of Appeal, and are not disputed. Plaintiff bought from his mother a tract of land, a part being in cultivation and a part being in a pine forest, the whole being described as the S. % of S. E. % and S. E. % of S. W. % of section 20, in township 4 south, range 7 west. The tract was a rectangular figure, measuring a quarter of a mile on its east line and on its west line, and three-quarters' of a mile on its north line and on its south line, and containing therefore 120 acres. The fence surrounding the land, constructed partly of hewn rails and partly of barbed wire, went beyond the lines and embraced a part of the land belonging to the defendant company, around the northwest corner of the tract bought by plaintiff.- Plaintiff’s mother had sold all of the merchantable pine timber on the land which she afterwards sold to plaintiff, and the deed by which plaintiff bought the tract of 120 acres contained an express reservation of “all merchantable pine timber, it being previously sold.”
The residence, supposed to be on the land bought by plaintiff and actually included in his fence, was in fact above the interior section line, very near the line, but on defendant’s land.
When defendant was felling the timber on the company’s land, adjacent to plaintiff’s land, a representative of the company showed plaintiff a survey of the line of his fence, disclosing that he was occupying a part of the company’s land. Plaintiff did not expressly acknowledge that his fence was not on the line, but there appears to have, been no dispute about it. Having the right to fell and remove the timber on the company’s land, defendant went upon the land embraced within plaintiff’s fence and felled and removed the timber. Whereupon plaintiff instituted this possessory action and action for trespass and for damages.
[1] -On the trial of the case, defendant introduced in evidence the deed by which plaintiff’s mother had sold him the land. The evidence was objected to by plaintiff’s counsel, on the ground that his title was not at issue. The district judge overruled the objection, and admitted the deed in evidence for the purpose, as the judge said, of showing the character of plaintiff’s possession. The Court of Appeal ruled that the deed should not have been admitted in evidence. Our opinion is that the deed was admissible for the purpose stated by the district judge. It showed that defendant’s felling and taking away the timber, whether with or without due process of law, was pursuant to a legal right; for the deed showed, and it is not seriously disputed, that plaintiff was not in possession as owner of any merchantable timber. In a similar case, Gray v. Edgar Lumber Co., 138 La. 906, 70 South. 877, where the owner of a tract of timber land had sold the standing timber to the lumber company, and, after the deed had been recorded, sold the land, without any express reservation, to Gray, who took actual possession of the cleared part of the land, it was held that Gray’s possession of the land was not possession of the timber on it, and that he could *579 not maintain a possessory action against the lumber company for going upon his land and felling and removing the timber.
[2,3] Plaintiff’s argument is — and it is the theory upon which is founded the judgment of the district court and of the Court of Appeal — that the defendant company had no right to enter upon its own land and fell and remove the timber therefrom, while the land was inclosed in plaintiff’s fence and occupied by him as owner. Technically, that is true; and for that reason the possessory action was properly sustained, so as to compel the defendant company, either to respect plaintiff’s possession, or' to resort to a petitory action or an action of boundary. But this suit is not merely a possessory action. It is also a suit for damages for trespass. The measure of damages for trespass is not the value of property taken by the trespasser, if the property so taken actually belonged to the trespasser. Plaintiff did not claim or attempt to prove any other element of damage. So far as the judgment of the district court and of the Court of Appeal condemns the defendant company to pay plaintiff the value of the timber which, the evidence shows, belonged to the company, the judgment is wrong and should be annulled.
The view which we take of this case is not inconsistent with the decision that was rendered in Smith v. Grant Timber Co., 130 La. 474, 58 South. 153. There the plaintiff was in possession as owner of both the land and the timber. Here the plaintiff is not in possession as owner of any timber. The deed under which he possesses the land within his fence contains an acknowledgment that some one else has the right of possession of all of the merchantable timber on the land bought by plaintiff. The deed was therefore admissible in evidence to show that plaintiff did not possess the timber as owner. It would be anomalous to hold that this case is not governed by the doctrine of Gray v. Edgar Lumber Co., supra, merely because in this case plaintiff had possession as owner of more land than his deed called for. He had not possession as owner of any merchantable pine timber on the land that he occupied as owner, because his deed contained a denial that his possession was as owner of any such timber.
In the exercise of our discretion with regard to the taxing of costs of court, we have concluded that the defendant should pay the costs of this proceeding.
The judgment of the .district court and of the Court of Appeal is affirmed in so far as it recognizes plaintiff’s right to remain undisturbed in his possession of the land embraced within his fence, unless and-until it should be decreed otherwise in a petitory action or an action of boundary. The judgment, condemning defendant to pay to plaintiff the value of the timber taken from the land in question, is annulled. The defendant company is to pay all court costs.