No. ——

First Circuit

———

## OLIVIA v. MITCHELL

———

(Feb. 12, 1927.  Opinion and Decree.)

———

(*Syllabus by the Editor.*)

1. **Louisiana  Digest—Appeal—Par.  511; Courts—Par. 128.**
The appellate jurisdiction of the courts is determined by the amount in dispute

at the time the judgment appealed from was rendered in the lower court.

A case appealed to the Court of Appeal which should have been appealed to the Supreme Court will be transferred.

Appeal from Tangipahoa parish. Hon. Columbus Reid, District Judge.

Action by Benedetto Olivia against H. P. Mitchell.

There was judgment for plaintiff and defendant appealed.

Appeal dismissed.

Rownd & Warner, of Hammond, attorneys for plaintiff, appellee.

J. J. Jackson, of Hammond, attorney for defendant, appellant.

MOUTON, J. Defendant entered into a contract with plaintiff in March, 1922, to sell him a tract of land of 35 acres for the sum of $1300.00. Plaintiff sues defendant for a specific performance of the contract, to compel defendant to execute a title to plaintiff upon the latter paying a balance alleged to be due on the purchase price. The amount of $1300.00 which is the stipulated price in the promise of sale is not drawn in question. The purpose of the suit is to enforce, judicially, a transfer of ownership by defendant. Plaintiff alleges that the land is worth over the sum of $3000.00. This allegation is denied by defendant. Allen, a witness for defendant, fixes the value of the land at $50.00 or $60.00 per acre. This would bring the price of the land not quite up to the sum of $2000.00. Mitchell, the defendant, when questioned as to its value, firse said: "Anything near $3000.00;" and then in answer to another query from his attorney, said, "$2000.00 or $2500.00.". Murphy, a real estate agent, fixed its value at least at $3000.00 or more. The estimate placed on the land by Murphy was in keeping with the allega-

tion of value made by plaintiff in his petition in which there is nothing to indicate that he was making any attempt at inflation to vest jurisdiction in the Supreme Court.

The rule in such cases is that the appellate jurisdiction of the courts is determined by the amount in dispute at the time the judgment appealed from was rendered in the lower court. See Wolf vs. Thomas, 137 La. 833, 69 South. 269, and authorities there cited.

It is true that the promise to sell was agreed to at $1300.00, but this was in 1922. It would seem that lands in Tangipahoa, where this tract is situated, have increased to an astonishing extent since that time, which accounts for the present value of the tract in dispute, which, we find, according to the evidence was worth more than $2000.00 when the judgment was rendered below, and which amount exceeds the maximum limit of our jurisdiction.

It is therefore ordered that this appeal be transferred to the Supreme Court of this State, provided that the transcript be filed in the Supreme Court within 60 days from the finality of this judgment, and that the clerk of this court notify counsel of record of this order of transfer.