No. 3193

Second Circuit

———

DOWIES v. CURRIE, ET AL.

———

(June. 28, 1928.   Opinion and Decree.)
(July 14, 1928.   Rehearing Refused.)

———

(*Syllabus by the Editor*)

1. Louisiana Digest—Courts—Par. 126, 128. "The appellate jurisdiction of the court is determined by the amount in contest at the time the judgment appealed from was rendered in the lower court."

Appeal from the Second Judicial District Court, Parish of Bienville.

Action by Gilmer Dowies against J. E. Currie, sheriff, et al.

There was judgment for plaintiff and defendants appealed.

Case transferred to Supreme Court.

J. P. Guillot, Goff and Barnette, of Arcadia, attorneys for plaintiff, appellee.

R. L. Williams, of Arcadia, attorney for defendants, appellants.

WEBB, J.  This is a suit for an injunction and for damages for alleged illegal seizure. J. E. Currie, as sheriff of the parish of Bienville, seized, as the property of S. S. Johnson, certain movables, in the possession of plaintiff, under a writ of fi. fa. issued upon a judgment obtained by the Commercial Bank of Arcadia against S. S. Johnson in the District Court of Bienville parish and advertised them for sale, whereupon plaintiff brought this suit.

He alleged that the movables seized were his property and not subject to seizure under the fi. fa., that they were worth $1600.00, and that he had been damaged by the seizure $2500.00, and he itemized the damages.

He prayed that the defendants be enjoined from proceeding with the sale, that the property seized be decreed to be his and not subject to seizure, be released, and for judgment against the defendants in solido for the sum of $2500.00, damage caused him by the seizure.

A temporary restraining order was issued and on final trial it was made permanent, the property seized decreed to belong to plaintiff and ordered released from seizure. Plaintiff's demands for damages were rejected.

The defendants appealed, and plaintiff has answered the appeal and prays that the judgment appealed from be amended by awarding him damages for illegal seizure in the sum of $2500.00 as prayed for in his petition.

The plaintiff in the injunction claimed the property seized, the value of which was alleged to be sixteen hundred dollars, and damages for the seizure amounting to twenty-five hundred dollars, and it not appearing from the pleadings that the amount of the damages claimed was excessive or the value of the property exaggerated, or that the claims could not be cumulated in the same action, the amount involved places the cause beyond the jurisdiction of this court (Ludeling vs. Garret, 50 La. Ann. 118, 23 So. 94), and although the judgment rendered did not allow any damages, nevertheless the amount involved at the time the case was submitted was above two thousand dollars, and there not having been any remittitur, the jurisdiction is to be determined by the amount involved at that time.

"The appellate jurisdiction of the court is determined by the amount in contest at the time the judgment appealed from was rendered in the lower court."

Wolf vs. Thomas, 137 La. 833, 69 So. 269.

It is therefore ordered that the appeal be transferred to the Supreme Court.