No. 4239

Second Circuit

BROWN v. SMELLEY

(May 20, 1932. Opinion and Decree.)

P. E. Brown and C. O. Brown, of Arcadia, attorneys for plaintiff, appellant.

Goff & Goff, of Arcadia, attorneys for defendant, appellee.

DREW, J. Plaintiff alleged he was the owner of the N. ½ of N. E. ¼ of S. W. ¼, section 12, township 15 north, range 5 west, Bienville parish, La.; that he acquired same at sheriff's sale on March 3, 1903; that he has been in actual possession of said property ever since the date of said sheriff's sale; that defendant has trespassed upon said land and unlawfully and tortiously cut and removed timber therefrom, of a value of $150. He prays for judgment in the sum of $150 against the defendant, with legal interest from January 1, 1931, until paid.

Defendant, in answer, admits cutting timber from the land, but denies that he is indebted to plaintiff in any sum for cutting and removing the timber, alleging that he is the owner of the land above described, setting up a chain of title from the United States down to himself, and alleged that he had been in possession of said land since 1907. He prays that the demands of the plaintiff be rejected.

The lower court rendered judgment rejecting the demands of plaintiff, from which judgment he has prosecuted this appeal. Appellee has filed in this court a motion to dismiss the appeal, for the reason that the amount involved is less than the amount necessary to give this court jurisdiction. Although plaintiff has prayed for judgment in the sum of $150 it is admitted, and the only evidence in the record shows the admission to be correct, that the amount in contest at the

time the judgment appealed from was rendered in the lower court was less than $100. This court is therefore without jurisdiction, unless there are other issues involved in the case that would give us jurisdiction. Olivia v. Mitchell, 5 La. App. 588; Dowies v. Currie, 8 La. App. 756.

Plaintiff prayed for judgment against the defendant in the sum of $150, with 5 per cent interest. Defendant prayed that the demands of plaintiff be rejected. Therefore the only judgment that could have been rendered by the lower court was a moneyed judgment for an amount less than $100, the amount in contest at the time of the decision in the lower court, or a judgment rejecting the demands of plaintiff.

Plaintiff contends that the question of title to the property is involved. We think not. This is not a petitory action, and the court would not be justified in finally passing on title under the law, or the prayer of either the petition or answer. Neither plaintiff nor defendant has prayed to be declared the owner of the property. Both allege possession, and possession, and not title, if proved, is sufficient to justify a judgment for plaintiff or defendant. Undisturbed, actual physical possession for one year prior to the cutting and removing of the timber would have been sufficient for judgment for the value of the timber. Article 53 of Code of Practice. One who has had quiet possession of timber land as owner for a year or more, whether in good faith or not, is vested with a right of possession, which may serve as a basis for a possessory action and to recover timber removed, and in such action the question of title cannot be brought in, the defendant, for the purpose of the suit, having no title. Grant Timber & Mfg. Co. v. Gray, 131 La. 865, 60 So. 374; Smith v. Grant Timber & Mfg.

Co., 130 La. 471, 58 So. 153; Producers' Oil Co. v. Hanszen, 132 La. 691, 61 So. 754.

In an action of trespass, there can be no examination of title. Possession, if legal and peaceable, is sufficient to maintain the action. Mott v. Hopper, 116 La. 629, 40 So. 921; Collins v. Dalton Clark Stave Co., 128 La. 250, 54 So. 788.

The title to real estate not being involved, and the amount in controversy at the time of decision of the lower court being less than $100, this court is without jurisdiction ratione materiæ, and the motion to dismiss will have to be sustained.

It is therefore ordered, adjudged, and decreed that the appeal in this case be dismissed, at appellant's cost.