GLADNEY, Judge.
This action is for the recovery of damages for timber allegedly removed through trespass from the lands of plaintiff. After trial, judgment was rendered rejecting the demands of plaintiff who has perfected this appeal.
Plaintiff alleges itself to be the owner of certain property described in the petition, situated in Sabine Parish, Louisiana, from which lands it is charged defendant in moral bad faith wrongfully removed timber on three separate occasions: (1) October 30, 1952, 19,378 board feet of pine from Section 3, Township 4 North, Range 12 West, valued at $968.90; (2) During June or July, 1953, 31 poles from Section 35, Township 5 North, Range 12 West, valued at $231.03; (3) During July 1953, 60 logs from which crossties were made from Section 35, Township 5 North, Range 12 West, valued at $54. The defendant first filed a plea of vagueness, and answer in which he denied each of the allegations of plaintiff’s petition, and finally a plea of prescription of one year directed at plaintiff’s first count for damages.
We address ourselves first to the contention by counsel for appellant that respondent in his answer admitted the own *288 ership of plaintiff’s land in Section 3. This point has relevancy for plaintiff’s evidence of ownership was unsupported by documentary evidence of title and proof thereof must come from the testimony of certain witnesses or the asserted admission. The pleaded allegations of article 2 of plaintiff’s petition are: “That petitioner is the owner of the following described property, to-wit: Section 3, Township 4 North, Range 12 West; and the West % of Section 35; Township 5 North, Range 12 West.” The answer to this is: “Except as the same may conform to the public records of Sabine Parish, Louisiana, the allegations of article 2 of said petition are denied.” For support of his position, counsel declares upon the plain provisions of the Pleading and Practice Act, now incorporated in LSA-R.S. 13:3601, sub-paragraph 3, which provides:
“All material allegations of fact contained in the petition which are not denied in the answer shall be deemed to be admitted.”
In our opinion, counsel can derive but small comfort from the phraseology contained in respondent’s answer to article 2 contained in the words: “Except as the same may conform to the public records of Sabine Parish, Louisiana * * We think that such verbiage is mere surplusage and does not have the significance attributed to it. As we evalúe it, it can be said only to indicate that defendant denies and will persist in such denial of plaintiff’s ownership of the property, unless and until upon the -trial of the case it can show to the contrary by'recorded title.
Counsel for appellant urges further, that since appellee has not claimed title to the land in question, plaintiff by declaring ownership in its petition presents a prima facie case of ownership which must be accepted by the court. A careful review of the record, does not show any evidence of plaintiff’s corporeal possession of the land, upon which the alleged trespasses were committed. The record only reflects that the character of the possession, if any, by plaintiff was of civil rather than corporeal nature. The point under consideration seems to have been discussed in Foshee v. Kirby Lumber Corporation, 1947, 212 La. 44, 31 So.2d 419-421, in which case Chief Justice O’Niell stated:
“The plaintiff argues that in a suit of this nature the defendant cannot question the plaintiff’s title, and cites the following decisions as authority: Kernion v. Guenon, 1828, 7 Mart.,N.S., 171, 172; Bonis v. James, 1844, 7 Rob. 149; Mott v. Hopper, 1906, 116 La. 629, 40 So. 921; Collins v. Dalton Clark Stave Co., 1911, 128 La. 250, 54 So. 788; Smith v. Grant Timber & Mfg. Co., 1912, 130 La. 471, 58 So. 153; Akers v. Iberia Cypress Co., 1912, 131 La. 833, 60 So. 363; Gould v. Bebee, 1913, 134 La. 123, 63 So. 848. That rule applies only to cases where the plaintiff is in possession of the land on which the defendant has trespassed. In such cases the action for trespass is in the nature of a possessory action and is governed by Article 53 of the Code of Practice, which provides that in a possessory action the defendant cannot contest the plaintiff’s title. But the rule has no application to a case like this, where the plaintiff is not in actual possession of the land and is suing merely for damages for timber cut and removed from the land. In such a case the plaintiff cannot by merely charging the defendant with being a trespasser deprive him of the right to question the plaintiff’s title. Smith v. Grant Timber & Mfg. Co., supra; Akers v. Iberia Cypress Co., supra.”
Under our jurisprudence, as we so interpret it, plaintiff was not relieved of proving ownership of the land upon which it claims damages for trespass. In Tircuit v. Burton-Swartz Cypress Company, 1926, 162 La. 319-334, 110 So. 489, 494, the Supreme Court had this to say:
“We have reached the conclusion, on the further consideration of the case, that plaintiffs have not made such a showing as would warrant us in rendering a judgment in their favor. Viewing their present contention in all *289 its phases, we cannot escape the stubborn fact that in order to be entitled to a recovery for the alleged trespass of defendant, it was incumbent upon plaintiffs to show they were the owners of the land. Sorrel v. Carlin, 23 La. Ann. 528; Collins v. Louisiana Sawmill Co., 132 La. 161, 61 So. 150; Cusachs v. Salmen [Brick & Lumber] Co., 146 La. 676, 83 So. 893. They were unable to do this.”
In the light of the foregoing authorities we find that plaintiff’s claim of ownership was placed at issue by a denial thereof in respondent’s answer, and, therefore, it was incumbent upon appellant to present proof of ownership. It may well be conceded that sufficient proof of title may be evidenced by admission upon trial by the trespasser, but a careful reading of Arnold’s testimony does not warrant us in concluding such was made. This statement should be qualified, however, by stating that Arnold did admit the removal through error on September 9, 1952, of one load of logs from plaintiff’s land in Section 3.
Returning to a consideration of the alleged trespass denominated as No. One (1) above, with the exception of the one load of logs above referred to, we find the evidence supporting this claim unsatisfactory. There was no substantial showing that more than one load of logs was removed by defendant from appellant’s land in Section 3. Although Loyd King testified he scaled 19,378 feet of pine timber and that all of said timber was cut within a period of ten days prior to October 29, 1952, the testimony of Arnold, his four crew members and of M. A. Walker, is in conflict and King’s testimony was not altogether satisfactory. It was further evidenced by the testimony of a number of witnesses that two other timber cutters were cutting on Section 3 during the summer of 1952. It was the testimony of Arnold and several other witnesses that during the month of October, 1952, defendant was cutting a large tract of timber owned by one Ivy Miller. Our review of the evidence has convinced us the trial court did not err in finding plaintiff failed to present sufficient evidence in support of its first claim.
With respect to trespass No. 2, plaintiff’s evidence consisted of testimony that certain pole timber had been cut by someone in Section 35, that Mr. E. E. Weldon had purchased 31 poles from Mr. Arnold during the months of June and July, 1953, and further that the poles had a value of $231.03. Certain poles were hauled by W. B. Woodle to the Weldon yard and Mr. Woodle testified that the same were picked up by him on the defendant’s land. There was no other evidence connecting defendant with the alleged trespass. Both the defendant and Mrs. Arnold testified they alone cut the poles upon their own property. Under such a state of facts we think it is reasonably clear plaintiff has failed to substantiate the charge that Arnold wrongfully trespassed and removed the poles from defendant’s property situated in Section 35.
The third alleged trespass by Arnold is concerned with the removal of 60 logs for conversion into crossties. The testimony reveals that defendant sold to Mr. M. A. Walker 60 logs which Arnold cut at the request of his nephew, Homer Fondron, who owned 40 acres of land lying adjacent to Section 35. Subsequent to the cutting Mr. R. V. Leone, a surveyor, ran the line between the Fondron property and Section 35. The testimony of Leone was not made from his field notes but only from memory and was somewhat vague and uncertain. Defendant insisted he cut the poles from the Fondron property and his testimony was supported by Homer Fondron. There was no other evidence to connect defendant with the removal of the poles and we are of the opinion the evidence of this alleged trespass was inadequate, falling short of sustaining the burden imposed by law upon appellant.
It thus appears to us that appellant has failed to point out manifest error in the findings of the trial court. Proof to a legal certainty has been adduced only with respect to the removal of one load of *290 logs from Section 3 by the defendant. The preponderance of the evidence as to this removal, which Arnold testified was by mistake, shows that said timber was removed on or about September 9, 1952, more than a year prior to the filing of this petition on October 28, 1953. The production of this evidence resulted in the filing by defendant of a plea of prescription of one year, which, in our opinion, should be maintained as to the logs removed by defendant from Section 3.
It follows from our findings as herein-above set forth, that plaintiff has failed to make out its case and show to a legal certainty commission of the three separate acts of trespass and resulting damages therefrom. Therefore, the judgment from which appealed is affirmed at appellant’s cost.