## Hood *v.* Stewart.

Trespassers cannot call in warranty persons under whose authority they act, and relieve themselves from responsibility by substituting the latter in their places.

Uninterrupted possession as owner, for more than a year, will exempt the party from liability in damages for acts of ownership done while such possession continued; and in such a case, an agent of the party in possession cannot be made liable for acts which his principal might have done without subjecting himself to damages.

APPEAL from the District Court of Carroll, *Curry*, J.

*Selby*, for the appellant.

*Stockton* and *Steele*, for the defendant. A trespasser may call in warranty the party under whose authority he acted. *Larche* v. *Jackson*, 9 Mart. 424. 8 Ibid, N. S. 468.

The judgment of the court was pronounced by

KING, J. This is an action of trespass, in which the plaintiff complains that his enclosures have been torn down and removed from his land by the defendant, from whom he claims remuneration in damages. The defendant admitted that he had removed the fencing, but averred that, at the time of the removal, it stood upon land in the possession and forming a part of a plantation owned by *Robert Stewart*, whose agent he was, and by whose order the act was done, and prayed that *Robert Stewart* might be cited to defend the suit. The right of the defendant to call his employer in warranty was resisted by the plaintiff. His opposition was overruled, and he excepted to the opinion of the judge. *R. Stewart* filed an answer, in which he avowed that the acts of the defendant were done by his direction, and averred that, under the belief that he was the proprietor of the land on which the fencing stood, he had cleared forty acres of the tract, enclosed it, and constructed ninety rods of levée upon it, for which, as a possessor in good faith, he was entitled to be remunerated; and he prayed a judgment for the value of these improvements. The cause was tried by a jury, who rendered a verdict in favor of *R. Stewart*, for the value of his improvements; and the plaintiff has appealed.

The court erred, in our opinion, in permitting *Robert Stewart* to be called in warranty, for such, in effect, was the defendant's plea, and in allowing him, when so called, to set up a reconventional demand. Parties sought to be rendered liable as trespassers, are not permitted to escape from the responsibilities consequent upon their acts, by pleading, in defence, the authority of third persons. 8 Mart. N. S. 549. The call in warranty being unauthorized in actions of this character, *Robert Stewart* became improperly a party to the suit, and his answer, with the issues its presents, must be disregarded in the present litigation. Our inquiry must be confined to the controversy between the plaintiff and the defendant, *S. M. Stewart*. It appears from the evidence, that *Robert Stewart* is the proprietor of a plantation adjoining the land on which the enclosures in controversy stood. Several years previous to the alleged trespass, he cleared, enclosed, constructed levées on, and put under cultivation, about twenty-five acres

HOOD
v.
STEWART.

of the plaintiff's land, of which he held uninterrupted possession up to the moment that the fencing in question was removed from it. This possession, which had continued for more than a year, created such a legal presumption of ownership, as would have protected him against a possessory action. It so far legalized his possession, as to authorize him, during its continuance, to exercise acts of ownership without exposing himself to an action of damages; otherwise the protection given by law to such ownership would be nugatory. The plaintiff could only have proceeded against him in a petitory action for the recovery of the land; and, in that action, the respective claims of the parties for improvements and rents, could have been adjusted, Code of Prac. art. 58. 13 La. 396. We are clearly of opinion that the plaintiff could not have maintained an action against *Robert Stewart*, as a trespasser, for the alleged act. The defendant was the agent of *R. Stewart*, holding possession and managing the property for him, and could perform every act of ownership in relation to it, permitted to his employer, with equal exemption from an action of trespass.

It is therefore ordered that the judgment of the District Court be reversed, and the verdict of the jury set aside. It is further ordered that the plaintiff's demand be rejected, and his suit dismissed; that he pay the costs of the lower court; and that the appellee pay the costs of this appeal.