(82 South. 841)

No. 21405.

DUCROS v. ST. BERNARD CYPRESS CO., Limited.

(Feb. 25, 1918. On Rehearing, Nov. 4, 1918.)

*(Syllabus by the Court.)*

1. TRESPASS ⊚⇒40(3)—PETITION SUBJECT TO EXCEPTION FOR VAGUENESS IN DESCRIPTION OF LAND.

Where, in an action sounding in damages for the cutting of timber on land alleged to belong to plaintiff, it is conceded that "neither side had real, positive knowledge of what property the trees were cut on," by reason whereof surveys were necessary, and the plat of survey, filed with the petition, fails to show the position of the land claimed by plaintiff, in its relation to a larger body in which that land is alleged to have been included for the purposes of such cutting, an exception of vagueness, addressed to the description of the land upon which the cutting is alleged to have been done, is well founded, and should have been maintained, with leave to amend.

2. TRESPASS ⊚⇒20(1) — OWNER OF LAND NEVER IN POSSESSION CANNOT RECOVER AGAINST ONE CUTTING TIMBER THEREON.

Where, in an action sounding in damages for the cutting of timber on land alleged to belong to plaintiff, it is also alleged, in effect, that the cutting was done by defendant under color of title, and that "defendant, being a possessor in bad faith," is liable, etc., and plaintiff fails to allege possession in himself, either at the time of the cutting or at any other time, an exception of no cause of action is well founded, and should have been maintained and the suit dismissed.

3. APPEAL AND ERROR ⊚⇒843(1) — WHERE PETITION STATES NO CAUSE OF ACTION, OTHER EXCEPTIONS NOT REVIEWED.

Finding that an exception of no cause of action, filed in limine, should have been maintained and the suit dismissed, this court does not feel called upon to review the rulings of the trial court upon an exception subsequently filed, or upon the merits of the case.

O'Niell and Provosty, JJ., dissenting.

Appeal from Twenty-Ninth Judicial District Court, Parish of St. Bernard; R. Emmet Hingle, Judge.

Suit by Louis A. Ducros against the St. Bernard Cypress Company, Limited. From judgment for plaintiff, defendant appeals. Plaintiff's suit dismissed.

Foster, Milling, Saal & Milling and Fernando Estopinal, all of New Orleans, for appellant.

Oliver S. Livaudais, of New Orleans, and Wallace A. Nunez, of New Orleans, for appellee.

PROVOSTY, J. Plaintiff sues to recover of defendant the value of certain timber which he alleges the defendant cut and removed from his land. The defendant claims to be owner of the land. Plaintiff does not ask that his title be recognized and decreed. This being so, and finding, as we do, that more than a year elapsed between the taking and removing of the timber and the institution of this suit, and that therefore the plea of prescription of one year filed by defendant is good, we save ourselves the trouble of investigating the question of title.

In Foley v. Bush, 13 La. Ann. 126, where the plaintiff sued for the value of cordwood wrongfully taken from his land; in Millspaugh v. N. O., 20 La. Ann. 323, where plaintiff sued for the value of certain ballast wrongfully taken by the city; in Burch v. Willis, 21 La. Ann. 492, where plaintiff sued for the value of 50 bales of cotton wrongfully taken by the defendant—the court held that the action was prescribed by one year. In Shields v. Whitlock, 110 La. 714, 34 South. 747, this court said:

"It was suggested * * * that there ought to be a difference between the application of the prescription * * * as between the claim for damages resulting from the trespass and the claim for the value of the property belonging to the plaintiff which the defendants have appropriated to their own use. We feel very much inclined to the view that there ought to be such a difference, but it does not seem to be recognized by the law or the jurisprudence of this state."

And the court cited De Lizardi v. N. O. Canal & Banking Co., 25 La. Ann. 414, where the prescription was applied to a suit for the value of certain sugar and molasses that had been wrongfully taken. In Antrim Lumber Co. v. Bolinger, 121 La. 306, 46 South. 337, which was a suit for timber cut and removed, this court said:

"It is scarcely necessary to state that plaintiff's action is prescribed by one year from the time the alleged trespass became known to plaintiff."

This may be said to be the settled jurisprudence. Poirier v. Burton-Swartz Cypress Co., 127 La. 936, 54 South. 292; Schwing Lumber & Shingle Co. v. Peterman, 140 La. 71, 72 South. 812.

The prescription runs "from the date knowledge of such damage is received by the owner thereof." Act No. 33 of 1902. By February, 1913, the timber had been all removed. This suit was filed April 22, 1914; more than one year, therefore, after the timber had been removed. But plaintiff contends that he did not know of the trespass until a few months before the filing of the suit.

For removing the timber from the swamp of which the land to which plaintiff claims title is part the defendant company constructed a railroad going from the Mississippi river front to this swamp. The timber in question, claimed by plaintiff, was situated about twenty two or three acres from the courthouse of St. Bernard Parish, and plaintiff's residence was three or four acres further. Plaintiff saw the railroad leading into this swamp; he saw it in operation; from his house he could and did hear the whistles of the locomotives and skidders in operation in this swamp, in the direction of his land; he knew that this meant that the timber was being removed; but he says that he supposed that the operations were on the neighboring lands owned by the defendant company. There was no concealment whatever on the part of defendant.

The burden of proof was on plaintiff to show when knowledge of this trespass first came to him. Citizens' Bank v. Jeansonne, 120 La. 393, 45 South. 367. When he had every evidence before his eyes and in his hearing that timber which might be, and which, judging from the direction of the sounds, appeared to be, his, was being cut and removed, his mere statement that he did not know that the timber that was being removed was his will not suffice to discharge that burden. Under these circumstances, he was put upon inquiry, and must be charged with the knowledge which that inquiry, which might have been made so easily, would have brought to him. Poirier v. Burton-Swartz Cypress Co., 127 La. 936, 54 South. 292.

Moreover, the following evidence relative to a letter written by plaintiff's counsel to defendant's manager would go to show that plaintiff did have said information:

"Q. As manager, Mr. Williams, do you remember receiving a letter from me as attorney for Mr. Ducros, calling your attention to the fact that you were cutting timber off his place, and making a demand on you for a discontinuance or payment of the value of the timber?

"A. I really don't recollect that, Mr. Livaudais. It ought to show as a matter of record.

"Mr. Livaudais: I call for the production of the original.

"Mr. Milling: If we have it, we will produce it. If not, and you have a carbon copy, that will answer.

"Mr. Livaudais: I offer in evidence the letter and answer, which was written in 1912, according to my recollection, or it might have been in the early part of 1913; but the letter will speak for itself."

In addition to all this, plaintiff alleges in his petition that the timber was cut "notwithstanding his remonstrances"—which is entirely inconsistent with absence of knowledge on his part.

The judgment appealed from is set aside,

the plea of prescription of one year is sustained, and plaintiff's suit is dismissed, at his cost in both courts.

On Rehearing—Statement of the Case.

MONROE, C. J. Plaintiff alleges that he is the owner of a—

"tract of land situated about two miles from the Mississippi river, having one arpent and twenty feet front on the left, or north, bank of Bayou Terre aux Bœufs, by forty arpents in depth, bounded above by the property formerly belonging to Mrs. R. V. Ducros, and below by the property formerly belonging to William Bassett et als.; that on the rear portion of said tract of land there was valuable cypress timber standing, besides other timber; that said defendant having purchased the cypress timber belonging to his neighbors standing on the adjoining properties, located above and below his said property, made several attempts to purchase your petitioner's timber, standing on the property above described; that your petitioner did not care to sell this timber, as he required it for his own use and purposes; that said defendant well knew that said timber belonged to your petitioner, and that your petitioner had a perfect title to the land on which said timber was standing, * * * and, notwithstanding that fact, in order to be justified in taking your petitioner's timber, it entered into a contract with" certain parties (who are named), "wherein it appears that those parties sell to said defendant all the timber * * * on a larger tract of land, including your petitioner's property; * * * that said defendant has, notwithstanding your petitioner's remonstrances, cut all the cypress timber located on the rear of the said property [and other timber], consisting of ash, gum, maple, etc., and has removed all of said cypress timber to its mill, located in the upper ward of this parish, and has manufactured same into lumber."

That the estimated amount of the cypress timber so cut and taken is 375,071 feet, and the value of the product, less the cost of manufacture, $5,281.25, and—

"that said defendant, being a possessor in bad faith, is liable to your petitioner for the value of the manufactured product of said timber removed from his property, less the cost of logging and manufacture."

He alleges a further indebtedness of $1,000, as damages to other timber, and $155.50 for expense incurred in having the land surveyed and the cypress timber estimated, but he prays that judgment be rendered for only $5,281.25, with interest.

Defendant excepted, as follows:

"1. That the demand of the plaintiff is very vague and indefinite, and that your petitioner cannot safely answer same; that said petition is vague and indefinite, generally and specially, as follows: (a) That in paragraph 2 of said petition the description of the property claimed is so vague and indefinite as not to convey to your defendant the location of the property, and therefore it is unable to state whether it has or has not cut timber therefrom, and it is not in a position to answer the other averments with reference to said lands and timber."

Reserving the benefit of the foregoing exception, it pleaded the exception of no cause of action, and, both exceptions having been overruled, it answered, denying plaintiff's ownership of the land and timber "attempted to be described" by him, and its alleged offer to buy the same; and averring—

"that it was the true and lawful owner of all the timber lying and being situated upon the land which plaintiff attempts to describe, in his said petition, it having acquired same from Mrs. Marie Lucie Ducros, widow * * * of Benjamin Laurent Millawdon, by act passed before Alexis Brian, notary public of the parish of Orleans, on February 21, 1912, duly registered," etc.

It then deraigns the title of Mrs. Millawdon to the land, and alleges—

"that it, and its authors in title, * * * have been in open, actual, unequivocal possession, as owners of the land, the timber upon which is in controversy herein, continuously, since the acquisition thereof by Charles le Sassier, more than a century and a half ago; and that respondent, in addition to the matters and things hereinabove set out, pleads the prescription of five, ten, and thirty years in bar of plaintiff's demand."

It then alleges the death of Mrs. Millawdon, calls her heirs in warranty, and prays

that the demand of the plaintiff be rejected, and, further, in the event the court should render judgment against it in any sum that a similar judgment be rendered in its favor against said warrantors. Thereafter, by supplemental answer, defendant alleges that, after the filing of its original answer, it had learned—

"that the tract of land which plaintiff * * * attempts to describe * * * extends to the north, beyond the limits of the tract, the timber upon which your respondent purchased from Mrs. Millawdon, * * * and that the said plaintiff also claims a small portion of the timber which your respondent acquired from John P. Parker;"

—and Parker's title is then deraigned, after which there is a prayer that he be called in warranty; but, it having been found on the trial that he had not been cited, that claim was abandoned. The heirs of Mrs. Millawdon filed an answer, adopting, in the main, the answer of the defendant, and praying that plaintiff's suit be dismissed, or, in the event of a judgment against defendant, that the judgment against them and in favor of defendant be limited within $1,000, and further limited to a pro rata of that sum, as based upon the relative value of the timber on the land here in question as compared with that upon the entire tract included in the sale by Mrs. Millawdon. It will be observed that, whilst the litigants all set up titles, neither of them prays for judgment thereon, their prayers in that respect relating exclusively to the moneyed judgment for damages, prayed for by plaintiff, as compensation for injury alleged to have resulted from an offense, or quasi offense, which had been completed before the suit was brought. Upon the day of the argument of the case defendant pleaded the prescription of one year.

### Opinion.

[1] It appears from the record that, when this suit was brought, neither plaintiff nor defendant was informed as to the location of the lines which constitute the boundaries between the land to which plaintiff asserts title and that which lies contiguous thereto, nor as to the particular tracts from which defendant had removed cypress timber. In the brief herein filed on the application for rehearing, counsel for plaintiff, after referring to certain testimony to the effect that "the lines were never run," say: "It was for that reason both plaintiff and defendant had surveys made, as, without a survey, neither side had real, positive, knowledge of what property the trees were cut on." The plat of survey which the counsel had made and filed with the petition seems to have been intended merely to aid the estimator in arriving at the quantity and value of the timber which had been taken, but it conveys no idea whatever as to the relation the boundaries of the lot surveyed to those of the contiguous property, and the same thing may be said of the survey produced by defendant. We are therefore of opinion that the exception of vagueness was well founded and should have been sustained, with leave to plaintiff to amend.

[2] 2. For the maintenance of an action of this character, however, it was necessary that plaintiff should have alleged that he was in possession of the land from which the timber is said to have been taken, at the time of the taking, since the person in possession under a claim of title would alone have a standing to complain of the disturbance of possession, unless, alleging title in himself, a plaintiff should also allege that the adverse possession (if such there were) had been terminated, either voluntarily or by judgment in his favor; and, so far from making those allegations, plaintiff herein alleges that defendant had entered into a contract with certain persons, whom he names, "wherein it appears that those parties sell to defendant all the timber standing and located on

a larger tract of land, including your petitioner's property," and that "said defendant, being a possessor in bad faith, is liable to your petitioner," etc. In other words, that defendant was in possession when it cut the timber, and, for aught that appears, was still in possession, under color of title, and plaintiff does not allege that he was in possession at the time of the cutting, or has since acquired possession. Article 49 of the Code of Practice declares that one who has had actual possession of an immovable for one year, quietly and without interruption, under a claim of title, thereby secures immunity from disturbance save by means of a direct attack upon the title upon which he relies, and that "it matters not whether he possesses in good or in bad faith, or even as a usurper, he shall, nevertheless, be entitled to his possessory action" (meaning an action whereby, upon showing that his possession has been disturbed within the preceding year, and after the expiration of a year during which his possession had been quiet and uninterrupted, he may, without showing title, obtain judgment quieting such disturbance). Even as against the lawful owner, the possessor is protected from unlawful disturbance of his possession, and may recover damages therefor. Nicol v. Railroad Co., 44 La. Ann. 816, 11 South. 34; Mott v. Hopper, 116 La. 629, 40 South. 921, 7 Ann. Cas. 768; Collins v. Dalton Clark Stave Co., Inc., 128 La. 250, 54 South. 788.

[3] The exception of no cause of action should, therefore, have been maintained. In view of the conclusion thus reached, we do not feel called upon to review the rulings of the trial court, either upon the plea of prescription or upon the merits of the case.

It is therefore ordered that the judgment heretofore handed down be set aside, in so far as it maintains the plea of prescription of one year, and instead that the exceptions of vagueness and no cause of action be now maintained, and, by reason of the mainte-

nance of the exception last mentioned, that our former decree, in so far as it sets aside the judgment appealed from and dismisses plaintiff's suit at his cost, be reinstated and made final.

LECHE, J., concurs in the decree.

O'NIELL, J., dissents, being of the opinion that this is not a possessory action, but an action for the value of timber alleged to have been taken by defendant from plaintiff's land.

See dissenting opinion of PROVOSTY, J., 82 South. 844.