(79 South. 221)

No. 21257.

BURTON-SWARTZ CYPRESS CO. v. BAKER-WAKEFIELD CYPRESS CO. et al.

(April 29, 1918.    Rehearing Denied June 28, 1918.)

*(Syllabus by the Court.)*

TROVER AND CONVERSION ☞16 — TIMBER CONVERTED INTO LUMBER — RIGHT OF ACTION.

One who has asked for and obtained a judicial sequestration of the lumber manufactured and to be manufactured by an adverse claimant of forest timber in dispute cannot, after the writ of sequestration has been finally dissolved and the timber has been converted into lumber, maintain an action against the adverse claimant for possession of the lumber, or, in the alternative, for its value, on the allegation merely that he had possession as owner of the timber, and without putting the title at issue.

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; W. P. Martin, Judge.

Suit by the Burton-Swartz Cypress Company against the Baker-Wakefield Cypress Company and another. Judgment for defendants, and plaintiff appeals. Judgment annulled, and suit dismissed, reserving to plaintiff any right to renew the demand.

Pugh & Lemann, of Donaldsonville, and Beattie & Beattie, of Thibodaux, for appellant. Marks & Le Blanc and Howell & Wortham, all of Napoleonville, for appellees.

O'NIELL, J. This is the fourth time this litigation has been here in one form or another. It has always brought up only the question of possession of the N. W. ¼ of section 54, township 12 south, range 15 east, and of the cypress timber thereon, or taken therefrom.

The controversy was commenced by an action for slander of title, instituted by one G. J. Labarre against the present plaintiff. The defendant here intervened in the suit, alleging that the intervener was in possession of the land, and that both the plaintiff, Labarre, and the defendant, Burton-Swartz Company, were slandering the intervener's title. The district court, finding that Labarre was not in possession of the land, dismissed his suit, and held that the petition of intervention fell with it. Labarre and the intervener appealed. Labarre and the Burton-Swartz Company then settled amicably the matter in contest between them, and moved to dismiss the appeal of the Baker-Wakefield Company, as well as that of Labarre, on the ground that the main suit was at an end. This court, taking a different view of the matter, maintained the intervener's appeal, annulled the judgment on the petition of intervention, and remanded the case to the district court for a decision of the contest between the intervener and the Burton-Swartz Company, as a separate action for slander of title. See Labarre v. Burton-Swartz Cypress Co. (Baker-Wakefield Cypress Co., Intervener) 126 La. 982, 53 South. 113.

The Burton-Swartz Company had pleaded in the district court, that the intervener, Baker-Wakefield Company, was not in possession of the land, and therefore had no right of action for slander of title. The district court, on the remand of the case, held that the Baker-Wakefield Company possessed and owned the land and timber. On appeal by the Burton-Swartz Company, this court held that, as the Baker-Wakefield Company had, by the terms of its purchase of the property, no right to take possession of the land or timber without having paid certain notes representing a part of the purchase price, it could not maintain the action for slander of title. The judgment, therefore, was annulled, and the petition of intervention was dismissed. See La Barre v. Burton-Swartz Cypress Co. (Baker-Wakefield Cypress Co. Intervener) 130 La. 134, 57 South. 655.

While the suspensive appeal of the Burton-Swartz Company from the judgment rendered in favor of the Baker-Wakefield Company was pending, the appellee, claiming yet to have possession of the property, and having constructed a logging road over the land, notified the appellant that appellee intended to cut and remove the timber from the land unless prevented by injunction. The Burton-Swartz Company replied that the Baker-Wakefield Company would be held liable in damages if it should take away the timber in litigation. There being no attempt on the part of the Burton-Swartz Company to prevent the felling or taking of the timber, the Baker-Wakefield Company proceeded to fell, and remove it and manufacture it into lumber. Thereupon the Burton-Swartz Company filed a petition, alleging that the title to the timber was in contest in the suit pending on appeal, and praying that the court order a judicial sequestration, without bond, of all of the lumber, laths, and shingles manufactured and to be manufactured by the Baker-Wakefield Company from the timber in contest. The prayer of the petition was that the lumber, laths, and shingles be and remain sequestered until the final determination of the suit on appeal; and it was so ordered. In effect, therefore, the Burton-Swartz Company consented that the timber should be cut and converted into lumber by the Baker-Wakefield Company, on condition that the product should be judicially sequestered to protect

any judgment that might be rendered in favor of the Burton-Swartz Company on the appeal then pending. The sheriff sequestered the product as it was manufactured, from day to day, until the Baker-Wakefield Company had it released from seizure on a forthcoming bond. Thereafter, when the judgment was rendered on appeal and became final, the Baker-Wakefield Company moved to have the writ of sequestration dissolved on the ground that the judgment rendered on appeal had put an end to the sequestration, according to the terms on which it had been asked for and ordered. Judgment was rendered, dissolving the writ, and, on appeal, the judgment was affirmed. See Labarre v. Burton-Swartz Cypress Co. (Baker-Wakefield Cypress Co. Intervener), 133 La. 854, 63 South. 380.

In the meantime, that is, while the appeal from the judgment dissolving the sequestration in the former suit was pending, the Burton-Swartz Company brought this suit against the Baker-Wakefield Company and H. L. Baker.

The plaintiff alleged that it owned and possessed the quarter section of land, and had held undisturbed, open, and notorious possession of the property, through its authors in title, for more than 50 years. The plaintiff alleged that the Baker-Wakefield Company had illegally gone upon the land, and as a trespasser, without color of right or title, had cut and taken the timber and converted it into timber, amounting to 5,000,000 feet, worth $150,000; that the defendant company had a part of the lumber in its custody and under its control, and that a large part of the lumber was in the custody of the court under sequestration. The plaintiff alleged that Henry L. Baker had conspired with the defendant company, had taken part in the removal of the timber, and was a joint tort-feasor, liable in solido with the company for $10,000, damages for attorney's fees, as well as for the lumber or its value. The prayer of the petition was that the plaintiff be decreed to be the possessor of all the lumber, shingles and laths made by the defendant company from the timber taken from the land; that all of said lumber be restored to plaintiff, subject to a credit for whatever lumber the plaintiff might recover in the sequestration suit then pending; and, in the event the lumber should not be restored to the plaintiff, that plaintiff have judgment against the defendants, in solido, for the value of the lumber, $150,000, with legal interest; and, finally, for judgment against the defendants in solido for $10,000 damages for attorney's fees.

It appears, therefore, from the prayer of the petition, that the object of the suit was to recover the possession or value of only the lumber that was manufactured by the defendant company from the timber taken after the lumber was released from sequestration on the forthcoming bond.

The defendants pleaded the exception of no cause of action; and, reserving the plea and answering the petition, admitted that the defendant company had taken the timber and converted it into lumber, but averred that it was done legally, openly, and in good faith. The defendants denied that the plaintiff had ever had possession of the land or timber, and averred, on the contrary, that the defendant company and its authors had had actual possession as owners of the land and timber, continuously, for 50 years. The defendants pleaded that the plaintiff, having consented that the timber should be cut and removed and manufactured into lumber by the defendant company on condition that the product should be sequestered, was thereby estopped from claiming possession of the lumber and from disputing the defendants' right to it. The defendants, considering the suit a possessory action, or considering the demand for the possession or value of the lumber to be

founded only upon the plaintiff's alleged possession of the land, refrained from putting the title at issue.

On the trial, the plaintiff attempted to prove title to the land, but, on the defendant's objection, the court ruled that the suit was a possessory action, and that the plaintiff's demand was founded solely upon its asserted possession, and admitted the title deeds in evidence for the purpose only of showing the extent and character of the asserted possession on the part of the plaintiff. Concluding, from the evidence, that the plaintiff had not had possession of the land or timber, the district judge gave judgment in favor of the defendants, rejecting the plaintiff's demand; and the latter has appealed.

### Opinion.

The only reason for dismissing the action of the present defendant for slander of title, on the former appeal, was that the present defendant, then plaintiff in intervention, had not paid certain notes that represented a part of the purchase price of the land and timber, and therefore had no right to take possession of the timber. There was no such hindrance or objection when the defendant in this suit cut and removed the timber. Three years had then passed since the trial of the intervention in the suit of Labarre against the present plaintiff; and the defendant in this suit had then paid all of the purchase price of the land and timber. More than that, the plaintiff in this suit had, in the suit for slander of title, judicially consented that the timber should be taken by the defendant herein and manufactured into lumber, on condition that the lumber should be sequestered "until a final determination of the case on appeal";

i. e., until final determination of the suit for slander of title. The petition and order for a judicial sequestration implied the right of the defendant herein to release the property from seizure on a forthcoming bond; and the ultimate dissolution of the sequestration put an end to the obligation or bond.

The plaintiff's only remedy thereafter was to assert ownership of the land and timber put the title at issue, and, on that issue, demand the value of the timber taken by the defendant company.

This suit, being founded solely upon the plaintiff's allegation of possession, being therefore in the nature of a possessory action, and the proof being that the defendant, not the plaintiff, was in possession of the land and timber, should have been dismissed. But we think the court went too far in rejecting the plaintiff's demand finally and unreservedly. That judgment might prevent the plaintiff from renewing the demand for the value of the timber, in a petitory action, or on the assertion of title to the land and timber. We have concluded, therefore, to set aside the judgment and merely dismiss the plaintiff's suit, so as to reserve whatever right the plaintiff may have to renew the demand for the value of the timber, in a petitory action, or by asserting title to the land and timber.

The judgment appealed from is annulled, and the plaintiff's suit is dismissed, reserving whatever right the plaintiff may have to renew the demand in a petitory action or by asserting title to the land and timber.

The plaintiff is to pay the costs of the district court, and the defendant the costs of appeal.

LECHE, J., recused.