O’NIELL.'J.
This is a suit for the value of forest timber felled and taken by defendants from plaintiff’s land.
The timber was made into cross-ties by Charles Barber, under a contract with Picard & Geismar, Limited. The agreement was that Barber should make cross-ties from the timber on the land of Picard & Geismar, Limited, adjacent to the timber land belonging to plaintiff, and pay Picard & Geismar, Limited, at the rate of 9 cents per tie for the timber. A representative of Picard & Geismar, Limited, showed Barber the land on which he was to get the timber, but perhaps did not call his attention to the dividing line between the land of Picard & Geismar, Limited, and that of plaintiff. The consequence was that Barber cut and converted into cross-ties nearly 300 cypress trees on plaintiff’s land, and paid Picard & Geismar, Limited, at the rate of 9 cents per tie for the timber taken from plaintiff’s land.
Plaintiff alleged that both Picard & Geismar, Limited, and Charles Barber were trespassers, acting in bad faith; that they were therefore liable in solido for the value of the timber, to plaintiff, i. e., $15 per M feet for the cypress and $6 per M feet for the hardwood; and that the quantity of timber cut and removed from plaintiff’s land was 486,752 feet of cypress and 10,996 feet of hardwood. Plaihtiff therefore prayed for judgment against the defendants, in solido, for $7,367.26, as the value of the timber.
Charles Barber made no defense and allowed judgment to go against him by default.
The defenses urged by Picard & Geismar, Limited, were: (1) That plaintiff had no right or cause of action, not having been in actual possession of the land; (2) that Charles Barber was an independent contractor, and that Picard & Geismar, Limited, was not responsible for an act of trespass committed by him; and in the alternative (3) that Picard & Geismar, Limited, acted in good faith, and should not, in any event, be held liable for more than the value of the standing timber, or stumpage value.
The district judge found that the defendants had acted in good faith and were therefore liable only for the stumpage value of the timber; that the quantity of timber taken was 368,569 feet of cypress, and its value *433 $8 per M feet. Judgment was therefore rendered against the defendants, in solido, for $2,94S.55.
Picard & Geismar, Limited, alone, has appealed, and plaintiff, answering the appeal, asks that the judgment he increased to the amount sued for.
Appellant has filed in this court- a plea of prescription of one year, based upon Act 33 of 1902, amending article 3537 of the Civil Code.
Opinion.
[1] Appellant’s contention that an owner of land who is not in actual possession has not a right of action against one who, without right or title, goes upon the land and fells and takes away the trees or timber, is founded upon an expression of opinion to that effect in the case of Ducros v. St. Bernard Cypress Co., 145 La. 691, 82 South. 841, on rehearing. The doctrine stated was not approved by a majority of the members of the court, as then constituted; one member dissented from the opinion and decree, and two concurred only in the decree, on the ground that the suit was barred by prescription. Although the opinion was not published until November, 1919, it was rendered (on rehearing) in November, 1918. Thereafter, that is, in January, 1919, the court handed down an opinion to the contrary in Harang v. Bowie Lumber Co., 145 La. 96, 81 South. 769. In the latter case it was held that the fact that the owner of land was not in possession was no reason for holding that he should not maintain an action for the value of timber felled and taken from his land' by one who, though acting in good faith, had not a valid title. We took occasion then to review the jurisprudence on the subject; and all decisions that seemed to be in conflict with the doctrine then announced were’ expressly overruled.
The ruling of the district judge overruling defendant’s exception of no cause or right of aetion is therefore affirmed.
[2] We affirm also the ruling that appellant'was not exempt from liability upon the theory of Barber’s being an independent contractor. He paid appellant for the timber taken from plaintiff’s land as well as for that taken from appellant’s land. Appellant advanced all expenses of the operations, credited Barber’s account with the proceeds of the sales of all the cross-ties made, and charged his account, at 9 cents per tie, for all the timber used. • The taking of plaintiff’s timber was as much appellant’s fault as it was Barber’s and it appears to have been as much for appellant’s benefit as it was for Barber’s.
Plaintiff did not sue for the value of the manufactured product in cross-ties, but claimed $15 per M as the value, to plaintiff, of-the standing timber. The evidence does not convince us that appellant acted in bad faith in having the timber felled on plaintiff’s land. And we agree with the district judge’s finding that $8 per M feet was a fair valuation of the cypress timber at the time Barber felled it.
[3] Appellant had two separate counts and measurements made of the timber, one by I. D. Sowards and the other by Oarroll P. Dunphy, both expert timber estimators. They made actual measurements of the diameter of every tree top and stump left on the land, and measured the length of each tree, from the stump to the fallen top. Sowards counted 276 trees, and Dunphy 293. An expert named Webb calculated, from Sowards’ measurements, 423,707 feet of timber taken, and Lemieux Bros., expert timber estimators, calculated, • from Dunphy’s measurements, 412,434 feet. The district judge declared in his written opinion that he accepted Lemieux Bros.’ calculations; but we do not understand his statement of the result, 368,569 *435 feet, instead of 412,434 feet. As a matter of fact, both calculations, the one based upon Sowards’ measurements and the one based upon Dunphy’s measurements, fall short of a correct calculation, according to the Doyle rule. We presume that the calculation, in each instance, was based not upon the mesne diameters of the logs, but upon the top or small diameters, or upon some other method of measurement not approved by our rulings upon the Subject. It is now well settled that, in the measurement of long timber that has to be cut into sawlogs for the mill, the correct method is to take the mesne diameter. See Peter v. Owl Bayou Cypress Co., 137 La. 1067, 69 South. 840; State v. Rathbone, 144 La. 835, 81 South. 334. In this instance the average length of the logs was 50 feet and there were only 4 under 32 feet in length. The board measure of timber of such length should be computed upon the mesne diameter. We have therefore made the calculation, according to the Doyle rule, upon the mesne diameter of each and every tree counted by both Sowards and Dunphy. Sowards’ measurements give 636,701 feet, and Dunphy’s 532,437 feet. The difference may be accounted for, in part, by the fact that Dunphy’s measurements of lengths were net, making allowance for docks or defects, while Sowards kept a separate memorandum of the docks. His memorandum shows 1,450 linear feet of docks, against a total of 14,432 linear feet of timber. We deduct therefore 10 per cent., or 63,670 feet, from the result of Sowards’ measuremehts, leaving the net result 573,031 feet.
It appears therefore that the quantity of cypress timber for which plaintiff is demanding payment, 486,752 feet, is less than the quantity actually taken by defendants, as proven by appellant’s witnesses.
Our calculations of the quantity of timber will be left in the record for inspection by the parties interested during the delay allowed for an application for rehearing.
There is no proof that any other than cypress timber was felled or destroyed. The timber left standing was probably rendered valueless because of the smallness of quantity on such a large area, but the petition does not contain a demand for that loss.
Our conclusion is that plaintiff is entitled to be paid for 486,752 feet of cypress timber, as claimed in the petition, at $8 per M feet, $3,894.02.
[4] Appellant’s plea of prescription is not sustained by the evidence. The Act 33 of 1902 (p. 41) declares that the prescription of one year against an action for damages for cutting or destroying timber runs from the date when knowledge of the damage is received by the owner of the timber. Plaintiff alleged in the petition and one of the officers of the company testified, that knowledge of the trespass complained of was only received within four months previous to the filing of the suit and the service of citation. The date is verified by reference to a letter of complaint written by plaintiff to Picard & Geismar, Limited. No evidence was offered to show that any officer or representative of the plaintiff company had knowledge of the trespass at an earlier date than that stated. Before either defendant had filed a plea of prescription, or had alleged specifically that plaintiff knew of the trespass a year before the citation was served, plaintiff was not required to do more than prove affirmatively, by the testimony of an officer of the corporation, that knowledge of the trespass was not had a year before the citation was served. With that allegation and testimony uncontradicted, the filing of the plea of prescription in this court is of no avail to appellant, although the proof is that the trespass began more than a year before the suit was filed.
*437 The judgment appealed from against Picard & Geismar, Limited, is amended by increasing the amount thereof to $3,894.02, and, as amended, it is affirmed.
MONROE, O. J., dissents.