The **LOUISIANA LAND AND EXPLORATION COMPANY**, Appellant,

v.

**STATE MINERAL BOARD**,
Appellee.

No. 15531.

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1956.

Rehearing Denied Feb. 28, 1956.

**6**

L. K. Benson, J. B. Miller, H. H. Hillyer, Jr., New Orleans, La., for appellant.

H. M. Holder, Shreveport, La., James R. Fuller, Sp. Asst. Atty. Gen. of Louisiana, Fred S. LeBlanc, Atty. Gen. of Louisiana, John L. Madden, Asst. Atty. Gen. of Louisiana, Grove Stafford, Sp. Asst. to Atty. Gen. of Louisiana, for appellee.

Before BORAH and JONES, Circuit Judges, and BENJAMIN C. DAWKINS, Sr., District Judge.

BORAH, Circuit Judge.

The question here is one of jurisdiction. Invoking the jurisdiction of the District Court, on the ground of diversity of citizenship, The Louisiana Land and Exploration Company, a Maryland corporation, instituted this action against the Louisiana State Mineral Board, a public corporation,[1] seeking to restrain the Board from soliciting bids for or from granting a mineral lease or leases on certain lands, including the beds of certain water bodies, located in Jefferson Parish, Louisiana, which lie within the confines of twenty-six regular and fractional sections in Townships 17 and 18 South, Ranges 23 and 24 East.[2]

The complaint alleges that plaintiff is the true and lawful owner of the area within these sections by title emanating from State Patents Nos. 9018 and 9020, dated April 13, 1904, and by virtue of two transfers from the Lafourche Basin Levee District, dated July 14, 1904, and

---

1. LSA—Revised Statutes of 1950, 30:121 et seq.

2. From the exhibits attached to the complaint, it is apparent that the designated sections contain considerably more than 10,000 acres.

October 13, 1904, respectively. It then sets forth plaintiff's chain of title, and alleges that the State has never instituted a suit or proceeding to vacate or annul the said patents and transfers and that Act 62 of 1912, LSA–R.S. 9:-5661, bars any such proceedings. The text of the Board's description of the lands in Tracts 5906 and 5907, which are here involved, and on which it is alleged to have requested bids for mineral leases is next set forth. The description reads, in part: "All of the lands owned by the State of Louisiana, including, but not limited to, the beds and bottoms of all of the water bodies and streams. * * * and all islands and other lands formed by accretion or reliction (less and except tax lands and lands and water bottoms under oil, gas and mineral lease from the State * * *)," situated in Townships 17 and 18 South, Ranges 23 and 24 East. The two tracts are described by metes and bounds and the portions claimed to be State-owned are estimated to be 612 and 1378 acres, respectively. The complaint then sets forth that the defendant's action in advertising the two tracts for lease is ultra vires, null and void, casts illegal clouds upon plaintiff's title, constitutes a trespass upon plaintiff's rights, and a disturbance of plaintiff's possession. And then, following allegations of the lack of an adequate remedy at law and the necessity for injunctive relief to prevent irreparable injury, plaintiff prays: (1) for a temporary restraining order pending application for a preliminary injunction, and on final hearing a permanent injunction "enjoining and restraining defendant, State Mineral Board, its officers, agents, servants, employees, attorneys and other representatives from asserting or purporting to assert any right to grant a mineral lease or leases on those portions of Tracts 5906 and 5907 * * * insofar as said Tracts * * * purport to include any of the property" alleged to be owned by plaintiff, "and from taking any further steps looking to the granting of any such mineral lease or leases;" and (2) that the court "adjudge and decree that defendant was and is without any right, power or authority to attempt to include within said Tracts 5906 and 5907" any of the property described in the complaint as being owned by plaintiff, "for the purpose of attempting to grant any mineral leases thereon."

Upon the filing of the verified complaint, the district judge granted a temporary restraining order and thereafter, and following a hearing, he sustained defendant's motion to dissolve the temporary restraining order on the ground that the District Court was without jurisdiction for the reason that the suit was in effect a suit against the State of Louisiana, citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. Thereafter, the case came on for hearing on plaintiff's application for a preliminary injunction and defendant's opposition thereto, and the court being of the opinion that it was without jurisdiction entered an order refusing to grant the preliminary injunction for the same reasons which it gave in its prior order dissolving the restraining order. It is from these two orders of the District Court that the plaintiff has appealed.

 The narrow question presented on this appeal is whether the within action is, in effect, a suit against the State. Appellant contends that this question must be answered in the negative. First, it is argued that the State Mineral Board is a separate and distinct corporate entity, possessing all of the usual powers incident to corporations, and that this was sufficient to vest the District Court with jurisdiction based upon diversity of citizenship. Whether or not appellant is right in this contention must be determined by the law of the State. In Louisiana Highway Commission v. Farnsworth, 5 Cir., 74 F.2d 910, and in Department of Highways of La. v. Morse Bros. & Associates, Inc., 5 Cir., 211 F.2d 140, this court had occasion to consider a like question, and our decisions in both cases were of necessity predicated upon the clear and un-

mistakable pronouncement of the Louisiana Supreme Court in Saint v. Allen, 172 La. 350, 134 So. 246, 249, that the Louisiana Highway Commission was a "distinct legal entity [separate] from the state." Appellant relies heavily upon Saint v. Allen, supra, but this decision is not apposite here and cannot be applied to the State Mineral Board for the reasons which the Louisiana Supreme Court pointed out in State v. Texas Co., 205 La. 417, 17 So.2d 569. There, it likened the State Mineral Board to an agent of an independent property owner who had been granted full, but not exclusive, authority in the management and supervision of the owner's holdings. Thus, the fact that the legislature chose to call it a corporation does not alter the Board's characteristics so as to make it something other than what it actually is, a mere agent of the State. Accordingly, it is clear that when the Board sues or is sued, it appears in court as an agent of its principal, the State. We, therefore, are of the opinion that this suit against the State Mineral Board, a mere agency or arm of the State, is in effect, a suit against the State which may not be sued by a citizen of another state under the Eleventh Amendment to the Constitution of the United States. Cf. State Highway Commission of Wyoming v. Utah Const. Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262.

This brings us to a consideration of appellant's second point which is that the Eleventh Amendment is inapplicable and does not bar the present suit against a State agency which wrongfully has exceeded its statutory authority. This contention is likewise without merit for the reason that the complaint is directed against the State Mineral Board in its official capacity, not against its members individually, and because the acts complained of are not without, but clearly within the Board's statutory power. It is true that the complaint did allege that the Board's action was "ultra vires" and cast "illegal" clouds upon plaintiff's title, but these allegations were not and could not be based upon any lack of statutory power on the part of the Board to advertise, as it was alleged to have done, for lease bids upon "all lands owned by the State." The Larson case makes its clear that if the actions of an officer do not conflict with the terms of his valid statutory authority, then they are actions of the sovereign, whether or not they are tortious under general law. This does not mean, as was pointed out in the Larson decision, that a government officer is thereby necessarily immunized from liability, if his action is such that liability would be imposed by the general law of torts, but only that in this situation the action itself cannot be enjoined, since it is also the action of the sovereign. It is therefore plain that the State Mineral Board cannot be enjoined in this suit since the compulsion which the court is asked to impose would be compulsion against the sovereign; and for that reason the suit is barred by the Eleventh Amendment, not because it is a suit against the Board, but because it is, in effect, a suit against the State.

In the light of the foregoing we hold that the district judge was right for the reasons which he gave in dissolving the restraining order and in concluding that a preliminary injunction should not issue. Accordingly, the orders appealed from are affirmed and the cause is remanded to the District Court with directions to dismiss the suit for want of jurisdiction.