Fred KUCHENIG

v.

The CALIFORNIA COMPANY.

Civ. A. No. 13495, Division B.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 13, 1964.

E. Ross Buckley, of Deynoodt, dela-Vergne, Meyers & Buckley, and C. Ellis Henican, of Henican, James & Cleveland, New Orleans, La., for plaintiff.

John M. McCollam and L. K. Benson, of Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., for defendant.

FRANK B. ELLIS, District Judge.

■ This is a diversity action [1] seeking an accounting and damages for an alleged trespass to proven mineral laden lands in Plaquemines Parish, Louisiana. At the very outset, and pursuant to Rule 12(b) (6),[2] the plaintiff is faced with a motion to dismiss for failure to state a claim upon which relief can be granted. The complaint alleges, and for purposes of this motion it is taken as true,[3] that plaintiff is the owner of the "Northeast Quarter of Section Thirty-Six, Township Eighteen South, Range Seventeen East, in the Southeastern Land District of Plaquemines Parish, Louisiana," a tract located in the California Bay area of Breton Sound. At some otherwise unspecified time, and without the consent of plaintiff, the defendant, The California Company, entered upon that land and drilled a mineral well from which it has since been removing oil, gas and other hydrocarbons.

■ No where is it alleged that plaintiff is in actual possession of the land in question. Under Louisiana law,[4] it is now clear that an owner not in possession has a cause of action for damages in trespass against an alleged trespasser. Harang v. Bowie Lumber Co., 145 La. 96, 81 So. 769 (1919); Ducros v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654 (1927). However, defendant has filed into the record numerous unrebutted affidavits proving that it had been in possession of the land for more than one year by virtue of having drilled wells thereon as early as 1951 under Louisiana State Lease No. 1960. The issue presented then is whether an owner out of possession has a cause of action for damages in trespass against an alleged trespasser who has been in possession for more than one year.

■ As a mineral lessee of the State of Louisiana the defendant is the owner of a real right and may defend that right as if it were a possessor of immovable property, LSA–Code of Civil Procedure, Art. 3664, even though defendant had no intention of "possessing as owner." Cf. LSA–Civil Code, Art. 3436. However, the Louisiana Civil Code recognizes that "ownership" and "possession" are distinct rights, and hence may come into conflict.

> "Art. 3435. Although the possession be naturally linked with the ownership, yet they may subsist separately from each other; for it may

1. 28 U.S.C.A. § 1332(a) (1). Plaintiff is a citizen of Missouri, defendant a Nevada corporation doing business in Louisiana, and the amount in controversy exceeds $10,000.00 exclusive of interest and costs.

2. Federal Rules of Civil Procedure, 28 U.S.C.A.

3. See for example, Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.

Ed.2d 56 (1961); Atlantic & Gulf Stevedores, Inc. v. Donovan, 274 F.2d 794 (5 Cir. 1960).

4. Since this is a diversity action Louisiana law controls. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

happen that *the actual possessor is not the true owner."* (Emphasis supplied)

This case focuses on such a conflict. Cf. LSA–C.C. Art. 488 and Art. 3426.

The attempted resolution of this problem begins with Hood v. Stewart, 2 La. Ann. 219 (1847). There an owner out of possession sued an adjacent landowner, through the latter's agent, asking damages in trespass for the fencing and possession of twenty-five acres of land allegedly owned by the plaintiff. Defendant had been in possession of the disputed tract for more than one year. The Court concluded that there could be no cause of action in trespass.

> "This possession, which had continued for more than a year, created such a *legal presumption of ownership,* as would have protected him against a possessory action. It so far legalized his possession, as would authorize him, during its continuance, to exercise acts of ownership without exposing himself to an action of damages; otherwise the protection given by law to such ownership would be nugatory. The plaintiff could only have proceeded against him in a petitory action for the recovery of the land; and, in that action, the respective claims of the parties for improvements and rents could have been adjusted." (Emphasis supplied) 2 La.Ann. at 220.

At that early date then the jurisprudence apparently decreed that there was no cause of action in trespass by an owner, either in or out of possession, against one who possessed for more than one year. It is also evident that "possession for more than one year" was the deciding factor, even prevailing over an allegation of ownership.

This doctrine was followed, but somewhat weakened[5] in Ducros v. St. Bernard Cypress Co., 145 La. 691, 82 So. 841 (1918). There defendant had removed cypress timber from a certain tract of land claimed by plaintiff. Recovery was sought for damages only, without a prayer for possession or title. The Court held that the alleged owner's failure to have been in possession was fatal to the cause of action "since the person in possession under a claim of title would alone have a standing to complain of the disturbance of possession."[6]

Such language again underscored the importance of "possession". On the other hand, two Judges dissented in that case, one noting that it was not a possessory action, but merely "an action for the value of timber alleged to have been taken by defendant from plaintiff's land."[7] The other dissenting Justice deduced that "where * * * the suit is based on ownership * * * *the question of possession becomes insignificant."* (Emphasis supplied)[8] While the overriding importance of "possession for more than one year" in an action for damages was upheld in that case, a certain erosive factor became apparent, namely, the importance of "ownership".

Less than three months after the Louisiana Supreme Court's decision in that 1918 Ducros case, the question was raised again. In Harang v. Bowie Lumber Co., 145 La. 96, 81 So. 769 (1919), plaintiff sued in trespass for the value of timber removed from land allegedly owned by the plaintiff. The defendant asserted that the alleged owner was out of possession and that there was no cause of action for damages in trespass except as a possessory action or as an incidental demand in a petitory action. Holding for the plaintiff the Court unanimously recognized the existence of a cause of action in trespass separate and

---

5. See the comments of the Louisiana Supreme Court in later cases regarding the grounds for the decision in this 1918 Ducros case. Interstate Trust & Banking Co. v. Picard & Geismar, Ltd., 147 La. 430, 85 So. 65, 66 (1920); Ducros

v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654, 656 (1927).

6. 82 So. at 843.

7. Id. at 844.

8. Id. at 845.

distinct from the possessory and petitory actions.[9] The Court pointed out:

"No argument has been advanced—and we know of no reason—why the plaintiff in an action [for the value of timber removed] should have to pray for a judgment against the defendant decreeing the plaintiff to be the owner of the land. On the contrary, a very good reason is suggested why the plaintiff in an action like this should not have to pray for recognition of his title to the land; that is, that it might serve no [good] purpose. In this suit, for example, the defendant claims to have bought only the timber growing on the land and claims no interest in the land itself. In Burton-Swartz Cypress Co. v. Baker-Wakefield Cypress Co., 143 La. 686, 79 South. 221, we held that an action of this character might be maintained on the *allegation and proof of plaintiff's ownership* of the land *without his praying for recognition of his title* to the land." (Emphasis supplied) 81 So. at 770.

Thus, in addition to sustaining plaintiff's cause of action in trespass, the Court made evident the fact of "ownership" as the controlling factor and went on to expressly overrule Hood v. Stewart:

"So far as the rulings in Banks v. Doughty [11 Rob. 483], Hood v. Stewart, and Leatham & Smith Lumber Co. v. Nalty [109 La. 339, 33 So. 354], relied upon by appellant, are in conflict with this decision, they are now overruled." 81 So. at 775.

Interstate Trust & Banking Co. v. Picard & Geismar, Ltd., supra note 5; Pfister v. St. Bernard Cypress Co., 155 La. 575, 99 So. 454, cert. den. 266 U.S. 625, 45 S.Ct. 125, 69 L.Ed. 474 (1924); Ducros v. St. Bernard Cypress Co., supra note 5.

Defendant strongly urges, however, that there were two issues decided in the Hood case, and that Harang only reversed the one not applicable here. While defendant admits that after Harang an owner out of possession could maintain an action in trespass against the alleged trespasser, the argument is made that such an action cannot be lodged against an alleged trespasser who has enjoyed possession for more than one year. In support of that proposition defendant has produced a copy of the learned Judge Oliver P. Carriere's written reasons in the otherwise not officially reported case of Stone v. Humble Oil & Refining Co., Orleans Civ.Dist., No. 385–531 (1961). Plaintiff's action was dismissed in that case on an exception of vagueness, one of the five reasons being that they did not "allege whether defendant had been in possession of the lands for more than one year," and citing Hood v. Stewart. Judge Carriere then noted that Harang did not overrule Hood "on the point shown above". While the only point that the Stone case determined was "vagueness", the references to "possession" and the possibly remaining partial vitality of Hood should at least be noted. It should also be noted though, that the reasons in Stone fail to indicate whether defendant had been in possession for more than one year, so the question in the case at bar was never reached there.

Therefore, since Hood, and to some extent Stone, place emphasis on the fact of possession for more than one year, while Harang and Interstate consider ownership to be conclusive, with Ducros vacillating somewhere between the two positions, this Court concludes that the Louisiana jurisprudence on the question is not clearly settled, and consequently must project how the Louisiana Supreme Court would decide the question were it there presented.

▮ Two prime considerations lead this Court to the conclusion that the Louisiana Supreme Court would uphold plaintiff's right of action in this case. Primarily, the shift in emphasis from "possession" to "ownership" effected by that Court in Harang and Interstate indicates that a plaintiff would be accorded

---

9. Chief Judge Monroe dissented, but only as to a prescription issue not applicable here.

at least the opportunity to state a cause of action in trespass, which at this point is all that plaintiff seeks to have recognized. Article 491 of the LSA–Civil Code grants to an owner [10] "the right to use, to enjoy and to dispose of one's property in the most unlimited manner," regardless of who possessed the property, and limited only by "laws and ordinances." Furthermore, the substantive rights enumerated by the Code in the chapter "Of Possession" merely refer to the action which a possessor for more than one year has against a person disturbing his possession, without otherwise limiting the rights of an owner. Cf. LSA–C.C. Arts. 3453, 3454, 3455 and 3456.

This is not, however, a possessory action. In Harang the defendant claimed to have bought "only the timber growing on the land," and here the defendant claims only the minerals under the land. The conclusion there would be equally applicable here, that is, "that an action of this character might be maintained on the allegation and proof of plaintiff's ownership of the land without his praying for recognition of his title to the land." [11] In short, since possessors are considered "provisionally as owners," LSA–C.C. Art. 3454(1), the proof of possession entitles the possessor to the "detention or enjoyment" of the property, LSA–C.C. Art. 3426, and if in good faith, the fruits and expenses, LSA–C.C. Art. 3453. In addition, where that possession has continued uninterruptedly for a year, the possessor is accorded the right to protect his possession by instituting a possessory action. LSA–C.C. Art. 3454(2). But the enumeration of a possessor's rights stops short of denying to an owner the right to sue for damages in trespass where the possessor admits ownership in the plaintiff, as defendant has here done for purposes of this motion.

The second consideration, not completely disassociated from the first, is that even though it could be argued that technically Harang did not overrule Hood on the point urged by defendant here, this Court is convinced that Harang has impliedly, if not explicitly, overruled Hood completely and would clearly permit an owner out of possession to maintain an action for damages in trespass even against an alleged trespasser in possession for more than one year, because, as was noted in Harang, "a very good reason is suggested why the plaintiff in an action like this should not have to pray for recognition of his title to the land; that is, that it might serve no purpose." [12] This statement indicates a sweeping intent to permit such an action against any alleged trespasser, regardless of the trespass' longevity. It is difficult to perceive how an alleged trespasser's possession for more than one year would require an owner to pray for recognition of his title where the same owner need not make such a demand when less than one year's possession has accrued. In neither case would it serve any purpose. In essence, then, defendant is urging a distinction without a difference. Based on the foregoing analogies and discussion, the motion of defendant to dismiss for failure to state a claim upon which relief can be granted must be denied.

Defendant has also moved for a dismissal on grounds that an indispensable party has not been joined. By way of affidavits and exhibits the California Company asserts that it is merely a lessee of the lands in question under State Lease No. 1960 issued by the State of Louisiana through its Mineral Board, and concludes that the State Mineral Board is therefore an indispensable party whose non-joinder would require dismissal of the action. The validity of this contention depends on the nature of this case.

10. There is little doubt here that plaintiff is alleging "perfect" ownership as defined in LSA–C.C. Art. 490. Accordingly, the rights of a perfect owner are herein expressed.

11. 81 So. at 770.

12. Ibid.

By process of elimination, this case is not a possessory action since plaintiff does not have possession, LSA–C.C.P. Art. 3655, nor is it a petitory action since a recognition of title is not sought. Harang v. Bowie Lumber Co., supra; Lay v. Garriga, La.App., 19 So.2d 665 (1944); Walmsley v. Pan American Petroleum Corp., 244 La. 513, 153 So.2d 375 (1963). Instead, in its present status, the action is one in tort seeking damages for an alleged trespass. At most then, the State Mineral Board would be a joint tortfeasor, liable *in solido* under LSA–C.C. Art. 2324, and need not be joined in the action. LSA–C.C.P. Art. 643.[13] In this tort action the lessor of the alleged trespasser is not an indispensable party and defendant's motion based on that contention must also be denied.

In the alternative, defendant has moved for a partial summary judgment on grounds that a portion of plaintiff's tort action has prescribed. By way of affidavit, defendant indicates that it had drilled wells under its State lease as early as 1951, and asserts that the one-year statute of limitation established in LSA–C.C. Art. 3536 bars plaintiff's recovery of damages for any period prior to one year before this action was commenced. While the one-year prescriptive article is applicable here, where "land, timber or property has been injured, cut, damaged or destroyed" that prescriptive period commences "from the date knowledge of such damage is received by the owner thereof." LSA–C.C. Art. 3537. Thus, prescription begins to run in this case only from the date knowledge of the damage was received by plaintiff. Iberville Land Co. v. Amerada Petroleum Corp., 141 F.2d 384 (5 Cir. 1944). Uncontro-

verted affidavits have been filed into the record by plaintiff purporting to prove that he acquired knowledge of defendant's activities upon his land less than one year prior to the institution of suit. This averment raises a sufficient factual question to at least preclude the granting of summary judgment at this time. Therefore, defendant's alternative motion for summary judgment is denied.

Shortly before the above motions were scheduled for hearing, the plaintiff moved to file two amendments to his original complaint, and all motions were argued simultaneously. The amendments, in brief, seek to add another cause of action and an additional party defendant in both. The new action is one to remove a cloud from plaintiff's title, and the additional defendant is the State Mineral Board, as distinguished from the State of Louisiana itself. Since no responsive pleading has been filed, the first amendment is permitted as a matter of course; the second amendment is addressed to the discretion of the Court and the interests of justice. Rule 15(a), F.R.Civ.P. 28 U.S.C.A.

Defendant strongly opposes the motion to file the amendments, allegedly because the joinder of the State Mineral Board would work an injustice by converting this case into an action "against one of the United States" and hence deprive the Court of jurisdiction because of the Eleventh Amendment to the Constitution of the United States.[14] The issue thus presented is whether the State Mineral Board is sufficiently separate and distinct from the State of Louisiana so that the actions brought against the Board would not constitute an action against the State prohibited by the Elev-

13. " * * * One or more solidary obligees may sue to enforce a solidary right, and one or more solidary obligors may be sued to enforce a solidary obligation, *without the necessity of joining all others* in the action." (emphasis added). Even when tested by a Federal standard the lessor would be neither a necessary nor indispensable party in a tort action. Rule 19, F.R.Civ.P., 28 U.S.C.A. See generally 2 Barron &

Holtzoff, Federal Practice and Procedure, 127, § 513.8 (Wright ed.).

14. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."
See Hans v. Louisiana, 134 U.S. 1, 10 S. Ct. 504, 33 L.Ed. 842 (1889).

enth Amendment. This issue "must be determined by the law of the State." Louisiana Land & Exploration Co. v. State Mineral Board, 229 F.2d 5, 7 (5 Cir. 1956), cert. den. 351 U.S. 965, 76 S.Ct. 1029, 100 L.Ed. 1485.

The mere fact that the statute creating the Board, LSA–Rev.Stat. 30:121,[15] designates it a "body corporate" which "may sue and be sued" is not dispositive of this issue. Kennecott Copper Corp. v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946). There must be, in addition, some indication gleaned from state decisions that the State agency in question is a distinct legal entity separate from the State. Based on statements to that effect in Saint v. Allen, 172 La. 350, 134 So. 246 (1931), the United States Court of Appeals for the Fifth Circuit considers the Louisiana Highway Commission and its successor the Department of Highways of Louisiana to be sufficiently separate and distinct so that a suit against that State agency did not constitute a suit against the State in violation of the Eleventh Amendment. Louisiana Highway Commission v. Farnsworth, 74 F.2d 910 (1935); Department of Highways of Louisiana v. Morse Bros. & Associates, 211 F.2d 140 (1954). On the other hand, apparently because of the lack of any definitive State pronouncement leading to an opposite conclusion, the same Court refused to consider the Louisiana State Mineral Board sufficiently separate and distinct to sustain an action against it as not being one against the State. Louisiana Land & Exploration Co. v. State Mineral Board, supra. In that case, the plaintiff sought a federal court restraining order against the Board. The temporary restraining order was dissolved by the district judge, and on appeal the narrow question presented was stated to be "whether the within action is, in effect, a suit against the State."[16] In distinguishing its prior rulings pertaining to the Department of Highways, the Court relied on the language of the Louisiana Supreme Court in State v. Texas Co., 205 La. 417, 17 So.2d 569 (1944) which "likened the State Mineral Board to an agent of an independent property owner who had been granted full, but not exclusive, authority in the management and supervision of the owner's holdings," and concluded:

"[a]ccordingly, it is clear that when the Board sues or is sued, it appears in court as an agent of its principal, the State. We, therefore, are of the opinion that this suit against the State Mineral Board, a mere agency or arm of the State, is in effect, a suit against the State which may not be sued by a citizen of another state under the Eleventh Amendment to the Constitution of the United States." 229 F.2d at p. 8.

Since that case was decided, however, Louisiana jurisprudence has shed further light on the status of the State Mineral Board. Whereas at the time the Louisiana Land & Exploration case was decided by the Fifth Circuit the only guidelines were provided by State v. Texas Co., supra, it has since been held in Daigle v. Pan American Production Co., 236 La. 578, 108 So.2d 516 (1959), that an action seeking cancellation of a mineral lease brought against the State Mineral Board was "not an action against the State."[17] And in Walmsley v. Pan American Petroleum Corp., 244 La. 513, 153 So.2d 375 (1963) an action for the removal of a cloud from title was considered proper against the State Mineral Board without the necessity of joining the State of Louisiana. Paraphrasing the language of the Fifth Circuit in Louisiana Highway Commission v. Farnsworth, and ap-

15. "The State Mineral Board shall be composed of the governor and seventeen members to be appointed by him. The governor shall be ex officio chairman. The board shall be a body corporate, with its domicile at the state capitol, may sue and be sued, and shall possess in addition to the powers herein granted, all the usual powers incident to corporations. * * * *"

16. 229 F.2d at 7.

17. 108 So.2d at 519.

plying it to this case, a holding that the instant suit in reality is one against the State of Louisiana, and that State Mineral Board is not a corporate legal entity, distinct from the State of Louisiana, subject to be sued for removal of a cloud from title, would be inconsistent with the decisions in Daigle and Walmsley.[18] Thus, no injustice could accrue to defendant by the mere filing of the amendment, so plaintiff's motion to amend must be granted.[19]

18. Compare with 74 F.2d at 912.

19. Since the State Mineral Board has as yet not been served and joined herein, these motions are decided without prejudice to any motions which that party may seek to present in this case.